# IN THE OREGON TAX COURT

## PACIFICORP
*v.*
## DEPARTMENT OF REVENUE
(TC 2987)

Thomas H. Nelson, Jones & Grey, Portland, represented plaintiff.

James Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Plaintiff's Motion For Summary Judgment granted in part December 14, 1990.

### CARL N. BYERS, Judge.

This matter is before the court on plaintiff's Motion For Summary Judgment.[1] Oral argument was heard

---

[1] Defendant filed a Motion For Partial Summary Judgment on November 8, 1990. Filing the motion late did not allow plaintiff adequate opportunity to respond by the date of the hearing; therefore, the court will not consider defendant's motion in conjunction with plaintiff's motion.

November 13, 1990. Plaintiff's motion asserts that defendant violated ORS 309.115 and seeks to have the 1990 value based on the 1989 value. Defendant opposes, contending that plaintiff is not entitled to the benefit of ORS 309.115.

Plaintiff is a centrally assessed utility. It previously appealed the assessed value of its property for the years 1986 through 1989 to this court. However, the parties entered into a settlement agreement and stipulated to the assessed values for each of those years. The stipulated true cash value for 1989 was $829,701,000.

For the assessment year 1990, defendant's staff prepared an appraisal, recommending a true cash value of $903,563,100. In response to that proposed appraised value, plaintiff appealed to defendant, claiming a true cash value of $725,100,000. At that time, defendant had not prepared an assessed value based on ORS 309.115. The department had not finished writing the rule interpreting ORS 309.115.

By July 10, 1990, defendant had completed writing the rule but had not promulgated it. Using the new, unpromulgated rule, it calculated an ORS 309.115 value of $900,585,000.[2] On that date, defendant informed plaintiff of its calculated value under ORS 309.115 and gave it the option of accepting that value or continuing its appeal. Plaintiff chose to continue its appeal. Defendant issued Opinion and Order No. PTU-90-26 establishing the true cash value of plaintiff's property, as of January 1, 1990, at $903,563,100.

Defendant contends that plaintiff may not appeal true cash value and at the same time claim the benefit of ORS 309.115.

■     ORS 309.115(1) states:

"If the board of equalization, the Department of Revenue or a court enters an order correcting the true cash value of a separate assessment of property and there is no further appeal from that order, except as provided under subsection (2) of this section, the true cash value so entered shall be the true cash value entered on the assessment and tax rolls for the five

---

[2] Defendant claims that the value of $900,585,000 calculated under ORS 309.115 was in error and that the correct value as calculated under its rule OAR 150-309.115(7) was $906,836,125.

assessment years next following the year for which the order is entered."

This provision is mandatory. Except for changes in value as shown below, a tax administrator may not use any value other than the ORS 309.115 value. The statute assumes that the value set by a final order is the true cash value of the property.

■     ORS 309.115 provides for changes to value as follows:

"(2)   Subsection (1) of this section shall not apply to changes in value as a result of:

"(a)   Reappraisal as part of the routinely scheduled reappraisal required under ORS 308.027 and 308.234.

"(b)   Annual trending or indexing applied to all properties of the same property class in the county, or within clearly defined areas of the county under ORS chapter 309.

"(c)   Annual trend or depreciation factors applied by type of property to industrial or personal property.

"(d)   Additions or retirements based upon returns filed under ORS 308.290.

"(e)   Annual valuations under ORS 308.505 to 308.660 and 308.705 to 308.730, which only reflect additions, retirements or economic trends.

"(f)   Increases directly related to additions, remodeling or rehabilitation made to locally appraised property.

"(g)   Property damaged, destroyed or otherwise subject to loss of value.

"(h)   Orders as a result of appeals for subsequent years.

"(i)   Actions by the board of equalization under ORS 309.080."

These exceptions appear designed to permit adjustments for changes in the true cash value of the property. The exception with which we are concerned permits a different value to be used as a result of appeals for subsequent years. This exception implicitly offers a taxpayer the option of appealing the assessed value. If a taxpayer believes the ORS 309.115 value is too high, the taxpayer may appeal and contend the true cash value is something less. The final order which issues as a result of that appeal will be the new ORS 309.115 value to be entered on the roll.

The court finds ORS 309.115 does not bar a taxpayer from appealing on the ground that the tax administrator incorrectly applied the statute. For example, a taxpayer may claim the assessor incorrectly applied trending data and entered a value on the roll which exceeds the correct ORS 309.115 value. However, the statute does not contemplate allowing a taxpayer to appeal the true cash value of the property and at the same time claim the benefit of ORS 309.115. ORS 309.115 assumes the value established by a final order is its true cash value. If an appeal is not to contest the correctness of the application of ORS 309.115, it must be an appeal as to the true cash value of the property. In such an appeal, ORS 309.115 becomes irrelevant.

■    In this case, defendant contends that plaintiff's election to appeal the true cash value of the property precludes it from claiming the benefit of ORS 309.115. Normally, the court would agree with defendant. However, in this case, the court finds defendant is responsible for the inconsistent positions.

Contrary to the mandate of ORS 309.115, defendant assessed plaintiff's property at its true cash value rather than at the ORS 309.115 value. Plaintiff responded by appealing from that assessment. It was only later, on July 10, 1990, that defendant, after calculating an ORS 309.115 value, notified plaintiff it had the option of accepting the ORS 309.115 value or continuing its appeal. It appears plaintiff did not agree with either value. The court finds defendant did not give plaintiff adequate opportunity to make a knowing election to appeal one of the two values. The court further finds plaintiff is entitled to claim the benefit of ORS 309.115 and to appeal its application by defendant.

By its Motion For Summary Judgment, plaintiff seeks to have the 1990 value established under ORS 309.115. To grant that benefit, the court must remand this matter to defendant to initially determine the value to be entered in accordance with ORS 309.115. The court understands that plaintiff intends to challenge defendant's administrative rule governing the application of ORS 309.115. This is all the more reason for defendant to have an opportunity to rule on plaintiff's claim before it comes to this court. Accordingly, the court

finds this entire matter must be remanded to defendant for proceedings consistent with the above.[3] Now, therefore,

IT IS ORDERED that plaintiff's Motion For Summary Judgment is granted in part in that this matter is remanded to the Department of Revenue to determine the assessed value of the subject property under ORS 309.115.

---

[3] By this ruling, Plaintiff's Motion To Strike Mannix Affidavit is rendered moot.