DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

ORAL and MAXILLOFACIAL SURGEONS, P.C.,
*and*

LANE COUNTY ASSESSOR,
*Defendants.*

(TC 4433)

Trial was held May 10, 2000, in the courtroom of the Oregon Tax Court, Salem.

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, argued the cause for Plaintiff (the department).

David E. Carmichael, Eugene, argued the cause for Defendant Oral and Maxillofacial Surgeons, P.C., (taxpayer).

Decision for Plaintiff rendered January 5, 2001.

**CARL N. BYERS, Judge.**

Plaintiff Department of Revenue (the department) appeals from a magistrate Decision authorizing Lane County to change its tax rolls for Defendant Oral and Maxillofacial Surgeons, P.C.'s (taxpayer) property for three different tax years. Prior to trial, the department and taxpayer agreed on all but the 1996-97 tax year. The department claims that it is improper to change that tax year's assessment.

## FACTS

In March 1999, taxpayer had its office building appraised for reasons unrelated to property taxes. The results of that appraisal indicated that the subject property had been significantly overassessed for the prior eight years.

Taxpayer instructed its business manager, Diana Sheffield, to find out where to file property tax appeals. Sheffield called the county assessor's office, identified herself and the taxpayer, and asked where to send an appeal of the past eight years' property tax assessments. She was given the Magistrate Division's address. A letter from taxpayer to the Magistrate Division, filed May 14, 1999, was treated as taxpayer's complaint.

In the Magistrate Division, taxpayer apparently conceded that it could not obtain assessment changes for all eight years. The parties stipulated that if the court found the changes could be made for three years, then taxpayer's 280279 account should reflect the following:

|          |              | From       | To         |
|----------|--------------|------------|------------|
| (1996-97) | Land        | $112,560   | $112,560   |
|          | Improvements | $414,560   | $283,840   |
|          | Total        | $527,120   | $396,400   |
| (1997-98) | Land        | $124,940   | $124,940   |
|          | Improvements | $460,160   | $256,760   |
|          | Total        | $585,100   | $381,700   |
| (1998-99) | Land        | $128,690   | $128,690   |
|          | Improvements | $473,960   | $248,560   |
|          | Total        | $602,650   | $377,250   |

The magistrate issued a written Decision August 11, 1999, finding that taxpayer had good and sufficient cause for failing to appeal to the Department of Revenue under ORS 306.115.[1] Therefore, the Decision authorized Lane County to change the tax rolls for all three tax years. The department appealed that Decision to the Regular Division.

In the meantime, taxpayer learned that the department also had authority to change assessments for prior unappealed tax years. Taxpayer filed a petition with the department, seeking relief under ORS 306.115. On November 3, 1999, the department ordered changes for tax years 1997-98 and 1998-99, setting the value as agreed by taxpayer and the Lane County Assessor. The department declined to change the roll for the 1996-97 tax year because the department's authority to change the roll for that year expired July 1, 1999. As a result of the department's order, only the 1996-97 tax year remains at issue here.

## ANALYSIS

In view of the confusion and questions evident in this case, it may be helpful to review the statutory scheme for appealing property tax issues.

The first and easiest "remedy" for a taxpayer is simply to talk with the assessor and try to get any errors corrected informally. If the assessor refuses to make the changes the taxpayer believes should be made, the taxpayer must file

---

[1] All references to the Oregon Revised Statutes are to 1997.

a formal appeal. In deciding how to appeal, the first question that must be answered is: What is the issue? If the taxpayer wants to appeal assessed value, real market value, or corrections or omissions on the roll, the taxpayer *must* file a petition with the Board of Property Tax Appeals (BOPTA), ORS 309.026, not later than December 31 of the assessment year the taxpayer is appealing. ORS 309.100. If the taxpayer wants to appeal other issues such as exemptions or notices of disqualification, the taxpayer must appeal to the Magistrate Division of the Oregon Tax Court. *See* ORS 305.275.[2] Appeals to the Magistrate Division must be made within 90 days of learning of the action from which the taxpayer is appealing or in any case not later than one year after the action was taken. ORS 305.280.

■ If a taxpayer fails to exercise the statutory appeal rights, the legislature has provided two separate retrospective or "rescue" provisions. First, the legislature has given the department authority to correct a separate assessment of property if it "discovers reasons * * * which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal." ORS 306.115(3). That provision authorizes the department to correct an assessment for the current tax year and for the two assessment years immediately preceding the current tax year. Although the department has adopted a rule allowing taxpayers to petition the department to act under ORS 306.115, that is not a "statutory right of appeal," but an administrative process to aid the department in carrying out its duties. *FSLIC v. Dept. of Rev.*, 11 OTR 389, 391 (1990).

■ A second rescue provision, ORS 305.288, gives the Tax Court similar authority to correct an assessment for the current tax year and for the two tax years immediately preceding the current tax year. However, that authority can only be exercised if the taxpayer has no statutory right of appeal

---

[2] ORS 305.275 is ambiguous. Subsection (1) indicates that appeals under the section are from "other than an order of the board" whereas subsection (3) states that an appeal "under this section is from an order of the board." The court does not believe the legislature intended a change from the prior practice, which allowed appeals from ORS 309.100 orders and appeals from other board actions. The difference between the two is found in the appeal period for each. *See* ORS 305.280.

remaining. ORS 305.288(2). There are two additional limitations placed upon the exercise of that authority. In the case of residential property, the court "shall" correct the assessment if the court finds that there is a difference of 20 percent or more between the real market value of the property and real market value on the assessment and tax roll.[3] For all nonresidential property, the court "may" order a change or correction to the assessment if the court finds that the taxpayer had "good and sufficient cause" for failing to pursue the statutory right of appeal.

■ As can be seen, the department and the Tax Court have overlapping jurisdiction with regard to retrospective changes. Normally, the judicial doctrine that requires parties to exhaust their administrative remedies before appealing to the courts would require taxpayers to petition the department under ORS 306.115 before appealing to the Tax Court under ORS 305.288. However, because the provisions are overlapping and applying the doctrine would make ORS 305.288 largely meaningless, the court concludes that the legislature intended for taxpayers to be able to appeal to either body without first going to the other.

■ In light of that explanation, the court now turns to the facts in this case. Taxpayer did not exercise its statutory right to appeal to BOPTA because it was ignorant of the real value of its property. When it appealed to the Magistrate Division of the Tax Court in May 1999, it sought relief under the only provision left available to it in the Tax Court, which was ORS 305.288. Because the subject property is nonresidential property, the taxpayer was required to show "good and sufficient cause" for failing to exercise its statutory right of appeal. ORS 305.288(2). Taxpayer could not do so. The only reason taxpayer had not appealed to BOPTA was ignorance of the value of its property. Ignorance is not a "good and sufficient cause" for failing to appeal.

---

[3] For the year in question, ORS 305.288(1)(b) actually used the terms "assessed value" and "the value on the assessment and tax roll." The court construes those terms to mean "assessed real market value" and "real market value on the assessment and tax roll" respectively. The language was corrected by the 1999 Legislature. *See* Or Laws 1999, ch 767, § 1.

The magistrate held that taxpayer showed "good and sufficient cause" because taxpayer had been misled by the assessor's office to appeal to the Magistrate Division instead of to the department. In some instances, being given misleading information by a tax official could constitute good and sufficient cause. Here, however, the advice to appeal to the Magistrate Division came long after taxpayer's statutory rights of appeal had expired. Therefore, that advice could not have been the reason taxpayer did not exercise its statutory rights of appeal. In the absence of good and sufficient cause, this court may not order a change of the 1996-97 assessment.

■    Finally, as an alternative argument, taxpayer asserts that the department should be estopped from claiming that taxpayer failed to make a timely appeal. "To succeed on a claim of estoppel against the state, a taxpayer must establish * * * misleading conduct by the state." *Schellin v. Dept. of Rev.*, 15 OTR 126, 131 (2000). No misleading conduct existed here. Taxpayer's agent asked where to send an assessment appeal. She was told to send it to the Magistrate Division. Taxpayer's agent asked a straightforward question and received the correct answer to her question.

In summary, the court finds that taxpayer failed to timely appeal its 1996-97 assessment to the Tax Court. Taxpayer failed to provide good and sufficient cause for that failure; and therefore, the court may not order a change of that assessment under ORS 305.288(2). Costs to neither party.