Robert KINTZ,
dba A1 Preferred Cleaning and Restoration,
*Plaintiff,*

*v.*

WASHINGTON COUNTY ASSESSOR,
*Defendant.*

(TC-MD 021123A)

A telephone trial was held October 29, 2002.

Robert Kintz, Plaintiff, argued the cause *pro se*.

Kathleen Southwick, Washington County, argued the cause for Defendant.

Decision for Defendant rendered December 27, 2002.

**SCOT A. SIDERAS, Magistrate.**

At issue is the assessment of penalties for failing to file a personal property tax return when due for the 1999-2000 and 2000-2001 tax years. The property is identified by Account P2108515. Robert Kintz (Kintz) appeared and made his arguments. Washington County was represented by Kathleen Southwick.

## I. STATEMENT OF FACTS

A1 Preferred Cleaning and Restoration is a new business. During its incubation, Kintz turned to three different accountants and two business coaches for assistance. It was not until November of 2001 that one of them, in response to a query by Kintz, told him of the need to file a personal property tax return.

Kintz, upon learning of his responsibility, promptly contacted Washington County and filed returns. Washington County, upon receiving the returns, imposed a 100 percent penalty for the 1999-2000 and 2000-2001 tax years.

## II. ANALYSIS

Once Kintz discovered that he had a duty to pay taxes upon his business property, he immediately did so. There was no intent to evade the tax. Under these circumstances should Washington County be required to impose, for each year, a penalty equal to the tax?

That is definitely what the version of ORS 308.296[1] in effect during the time these returns were due dictates. By

---

[1] Unless otherwise noted all references to the Oregon Revised Statutes (ORS) are to 1999.

its terms, it doubles the tax if the return is filed after August 1. ORS 308.296(4). A subsequent revision of the statute lowered this penalty to 50 percent of the amount of tax. Or Laws 2001, ch 925, § 15. However, that change was limited to penalties imposed for the failure to file returns due on or after January 2001. The returns at issue here were due in 1999 and 2000. At the same time that the legislature modified ORS 308.296, lowering the penalty from 100 percent to 50 percent, it enacted ORS 305.422 (2001). That law permits the Tax Court, in appeals under ORS 311.223(4), to waive the liability for all or a portion of the penalty upon a showing of "good and sufficient cause." The legislature has used the term "good and sufficient cause" relatively often. In addition to ORS 305.422 the phrase appears in ORS 305.145 (waiver of interest); ORS 305.288 (ability to change assessments for prior tax years); ORS 307.475 (relief for failure to file for exemption or cancellation of taxes); ORS 308.030, ORS 308.295, and ORS 308.296 ("failure to file" penalties); ORS 311.223 (correction of the tax rolls); and ORS 311.688 (deferral of tax on homesteads). In construing what the term "good and sufficient cause" means in ORS 305.422, the court may look to its definitive interpretation of that term in those related statutes. *See Williamson v. Hunt,* 183 Or App 339, 345, 51 P3d 694 (2002).

■■ Never, in the court's review of any of these laws, has "good and sufficient cause" been interpreted to include instances where a taxpayer was unaware of the need to meet his, her, or its obligations. Instead, the contrary is true. The great weight of precedent bears against the conclusion that lack of knowledge may be construed as good and sufficient cause. *Dept. of Rev. v. Oral and Maxillofacial Surgeons,* 15 OTR 284, 288 (2001). The broadest interpretation of "good and sufficient cause" is found in the Department of Revenue's rule under ORS 305.145. At OAR 150-305.145(3)-(A) "good and sufficient cause" includes instances where a failure to file returns was due to incorrect professional advice.[2] If Kintz had alleged that he had been told that he did not need to file

---

[2] Contrast this to ORS 305.288(5)(b), where misleading information is specifically excluded from good and sufficient cause unless the source of the misinformation is an authorized tax official.

personal property returns, the court would be called upon to determine if this was "good and sufficient cause" under ORS 305.422. On the facts as presented here, however, the most that can be said is that Kintz's advisors were silent on the matter of personal property taxes, and silence does not rise to the level of the "advice" repeatedly mentioned in the administrative rule. OAR 150-305.145(3)-(A)(2)(e) at (A)-(D) and OAR 150-305.145(3)-(A)(2)(f).

Is it, however, fair that Kintz should pay the penalty? That is a question on which there may be many different convictions, but in the end, the only opinion that matters is the legislature's. The lawmakers realized, when they wrote the penalty provisions of ORS 308.296, that there would be small businesses like A1 Cleaning and Restoration who simply did not know that they needed to file personal property returns. That was one of the reasons the legislature, in revising ORS 308.296 for tax years after the two at issue here, chose to lower the penalty from 100 percent to 50 percent. However, the legislature did not choose to make that decision applicable to the tax years for which Kintz is liable. Whether or not that was a fair limitation is debatable. However, it was nonetheless a legitimate legislative choice, and one which the court has no grounds to disturb.

■ Similarly, the legislature might have given the court broad discretionary authority to set aside penalties as the court saw fit. The legislature did not do this. Instead, it limited the court's power to instances of "good and sufficient cause." In the eight other tax statutes where that phrase occurs it has long been limited to instances where the failure to file was due to instances beyond the control of the taxpayer, such as death or serious illness; unavoidable and unforeseen absence; lapses in the assessor's performance of his or her duties; or fire, disaster, or other casualty. *See* ORS 305.288 (5)(b) and OAR 150-305.145(3)-(A). The court cannot now arbitrarily say that, because in this instance the power is wielded by the court, the term "good and sufficient cause" means more than what it does in other circumstances. The appeal must be denied, for the court simply lacks, under this

limitation, the discretionary ability to modify a penalty imposed because of a good faith error by the taxpayer.

## III.  CONCLUSION

IT IS THE DECISION OF THIS COURT that the appeal is denied.