23RD & FLANDERS LLC,
*Plaintiff,*
*v.*
MULTNOMAH COUNTY ASSESSOR,
*Defendant.*
(TC-MD 030044C)

Oral argument on Defendant's motion to dismiss was held on April 14, 2003, by telephone.

L. F. McDonald, Attorney, Ball Janik LLP, argued the cause for Plaintiff.

Richard Sanderman, Senior Commercial Appraiser, Multnomah County Appraiser, filed the motion and argued the cause for Defendant.

Decision for Defendant rendered June 4, 2003.

**DAN ROBINSON, Magistrate.**

This matter is before the court on Defendant's request for dismissal because Plaintiff did not first appeal to the county board of property tax appeals. The motion was heard by the court during the April 14, 2003, case management conference. L. F. McDonald, Attorney, Ball Janik LLP, represented Plaintiff. Richard Sanderman, Multnomah County Appraiser, represented Defendant.

## I. STATEMENT OF FACTS

The appeal involves the 2002-03 tax year. The subject property was found to be contaminated prior to 1995 due to leaks in one or more underground storage tanks. Cleanup efforts were undertaken and, on July 25, 2001, the site was declared no longer contaminated. Defendant revalued the property as of January 1, 2002. In so doing, Defendant considered the site to be "rehabilitated" as provided in ORS 308.149(5)(a)[1] and, pursuant to ORS 308.153, it redetermined the maximum assessed and assessed values as if the

---

[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2001.

property were new property or new improvements to property. As a result, the assessed value increased more than the typical 3 percent annual rise provided by the interplay between subsections (1) and (2) of ORS 308.146.

The Complaint was filed directly with the Tax Court on February 3, 2003. The tax statement was attached to the Complaint. It reflects an increase in real market value from $340,510 to $1,014,700. Assessed value rose from $71,900 to $428,150. Plaintiff asserts in Section 3 of the Complaint that "[t]he Assessor's determination of the parcel's assessed value and maximum assessed value is in violation of ORS 308.146 and OAR 150-307.010." Plaintiff requests that values "be determined in accordance with ORS 308.146 and OAR 150-307.010."

## II. ANALYSIS

The issue presented is whether Plaintiff is properly before the court or whether Plaintiff was required to first petition the board. That question will be resolved by determining whether the board has jurisdiction to consider the issue Plaintiff raises.

Plaintiff contends that the case does not involve a valuation appeal, but rather the correct interpretation and application of the law. Because this is a question of law and not fact, Plaintiff asserts the case is not within the purview of the board and was properly filed directly with the court. Defendant cites ORS 305.275(3) in support of its request for dismissal and insists this is a value appeal that should have been filed with the board.

■■ A taxpayer aggrieved by an act of the assessor may appeal to the Magistrate Division of the Oregon Tax Court provided the taxpayer has "no other statutory right of appeal for the grievance." ORS 305.275(1)(c); *see* ORS 305.275(1).[2]

---

[2] ORS 305.275 provides, in relevant part, that:

"(1) Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:

"(a) The person must be aggrieved by and affected by an act, omission, order or determination of:

Furthermore, ORS 305.275(3) specifically requires a tax-payer to appeal to the board if the board has authority to hear the matter. The relevant statutory language provides:

"[I]f a taxpayer may appeal to the board of property tax appeals under ORS 309.100, then no appeal shall be allowed under this section. The appeal under this section is from an order of the board as a result of the appeal filed under ORS 309.100 or from an order of the board that certain corrections, additions to or changes in the roll be made."

Did Plaintiff have a right of appeal to the board under ORS 309.100? Under ORS 309.100(1), a taxpayer "may petition the board of property tax appeals for relief as authorized under ORS 309.026." ORS 309.026, in turn, authorizes the board to hear petitions seeking a reduction in assessed, maximum assessed, specially assessed, and real market values. The relevant language declares:

"(2)  The board shall hear petitions for the reduction of:

"(a)  The assessed value or specially assessed value of property as of January 1 or as determined under ORS 308.146 (6)(a) or 308.428;

"(b)  The real market value of property as of January 1 or as determined under ORS 308.146 (6)(a) or 308.428;

"(c)  The maximum assessed value of property as of January 1 or as determined under ORS 308.146 (5)(a) and 308.428; and

"(d)  Corrections to value made under ORS 311.208."

Plaintiff is appealing the "assessed value * * * of property as of January 1," as provided in subsection (2)(a), and the "maximum assessed value of property as of January 1," as provided in subsection (2)(c) above. The board is authorized to hear such cases. During the case management

---

"* * * * *

"(C)  A county assessor or other county official, including but not limited to the denial of a claim for exemption, the denial of special assessment under a special assessment statute, or the denial of a claim for cancellation of assessment; or

"* * * * *

"(c)  There is no other statutory right of appeal for the grievance."

conference Plaintiff argued the assessor erred in determining that the cleanup constituted a change in the property of the type contemplated by ORS 308.149(5) and ORS 308.153 and that the assessor incorrectly applied the law. Plaintiff insists that the maximum assessed and assessed values should have been determined under ORS 308.146 because there has been no change to the property that would qualify as "new property or new improvements" as that term is defined in ORS 308.149(5)(a). That issue, insists Plaintiff, is a legal question not within the jurisdiction of the board, which Plaintiff apparently believes hears only value disputes based on factual disagreements.

■     The court rejects Plaintiff's efforts to characterize the appeal as something other than a challenge to value. The relief sought by Plaintiff is a reduction in the maximum assessed and assessed values of the property. Plaintiff urges a straightforward application of ORS 308.146, pursuant to which the maximum assessed and assessed values would likely rise only 3 percent. The court accepts that the dispute is largely a question of law and not fact, but that does not change the nature of the case into something other than a value appeal. If Plaintiff were successful in the appeal, the maximum assessed and assessed values would be reduced because the determination of those values would be as provided under ORS 308.146 and not ORS 308.153.

■     The board's authority under ORS 309.026 is quite comprehensive in terms of the types of valuation disputes it can hear. The board hears challenges to assessed value, specially assessed value, real market value, and maximum assessed value. There is no limiting language in the statute constraining the board to factual as opposed to legal disputes affecting value. As noted above, the statute provides: "The board shall hear petitions for the reduction of * * * the assessed value * * * of property as of January 1." ORS 309.026(2)(a). In fact, given the statutory mandates governing the determinations of maximum assessed and assessed values, most disputes involving maximum assessed and assessed value will necessarily involve a legal question concerning the meaning and application of the statute because the calculations are generally by formula alone; there is no appraisal judgment involved. For example, generally, maximum assessed value is the greater of "103 percent of the

property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year." ORS 308.146(1). Assessed value is the lesser of real market or maximum assessed value. ORS 308.146(2). If the property constitutes "new property," or is partitioned, subdivided, rezoned, or removed from special assessment, etc., the maximum assessed value is determined by the formula in ORS 308.153.

■      Where the legislature intends for a taxpayer to appeal directly to the court, there is generally an express statutory provision. For example, there is statutory authority for direct appeal to the Tax Court with the denial of a claim for exemption or special assessment pursuant to ORS 305.275(1)(a)(C), denial of an application for enterprise zone exemption under ORS 285B.722(5), a decision by the Department of Revenue to disclose materials related to industrial properties pursuant to ORS 305.192(3), and appeal of an income tax assessment as provided by ORS 305.265(15). There the legislature expressly provided for appeal to the board.

For the reasons set forth above, the court concludes that Plaintiff did have a right of appeal to the board. Plaintiff did not petition the board. Accordingly, unless Plaintiff can satisfy the requirements of ORS 305.288, the appeal must be dismissed.

■      ORS 305.288 is essentially a rescuing provision that affords a taxpayer an opportunity to seek a reduction in value even though the taxpayer failed to pursue the statutory right of appeal by first petitioning the board and then timely appealing to the Magistrate Division. *See Dept. of Rev. v. Oral and Maxillofacial Surgeons,* 15 OTR 284, 287 (2001) (referring to ORS 305.288 as one of two rescuing statutes that may aid a taxpayer that misses the board process). One of two threshold requirements must be satisfied before the value issue can be considered under ORS 305.288. Of the two, only one is available in this case because the subject property is not used primarily as a dwelling.[3] The provision that is available is found in subsection (3) and requires a showing of

---

[3] For "residential" property a taxpayer can proceed under the statute by alleging an error in the real market value of the property of at least 20 percent. ORS 305.288(1).

"good and sufficient cause" for the failure to petition the board. Specifically, ORS 305.288 provides, in part:

> "(3) The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

■ Good and sufficient cause is defined in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). Moreover, it "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." ORS 305.288(5)(b)(B).

Plaintiff insists it elected to appeal directly to the Tax Court. The appeal was filed February 3, 2003, more than a month after the deadline for petitioning the board. The assertion by Plaintiff suggests a tactical decision, although other factors may have delayed action beyond the board's December 31, 2002, deadline. In any event, there are no facts suggesting that Plaintiff did not petition the board because of circumstances either extraordinary or beyond its control. If there was doubt a protective petition should have been filed with the board.

As a practical matter, if the appeal were directly to the court it is probably untimely under ORS 305.280(1), which provides, in part, that "an appeal under ORS 305.275 (1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." Tax statements are mailed in the middle or latter part of October. By statute they must be mailed by October

25. ORS 311.250(1). Allowing several days for delivery, the 90-day-from-knowledge deadline was probably on or about January 27, 2003. The Complaint was postmarked February 3, 2003, which was one week later. Of course, having found that the issue should have been presented to the board before December 31, 2002, the details concerning the date of actual knowledge are not relevant.

## III. CONCLUSION

After considering the matter, the court concludes that the issue presented was within the jurisdiction of the board as provided in ORS 309.026 and Plaintiff was required to petition that body under ORS 309.100 before appealing to the Tax Court. Plaintiff failed to pursue that statutory right of appeal. Moreover, Plaintiff did not establish good and sufficient cause for not petitioning the board and the case may not be heard under ORS 305.288. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss Plaintiff's Complaint is granted.