DECISION OF DISMISSAL
Plaintiff appeals the real market value of his property identified as Account 00619673 for tax years 2006-07 and 2007-08.
This matter is before the court on Defendant's motion to dismiss Plaintiff's Complaint.
 I. STATEMENT OF FACTS
Plaintiff's subject property was disqualified from forestland special assessment on December 21, 2005. (Def's ltr at 2, June 13, 2008.) Plaintiff alleges in his letter dated August 2, 2008, that he never received the "declass notice" sent by Defendant. (Def's Ex C.) The address on the declass notice was the same as Plaintiff's current address and Defendant's declass notice was not returned. The declass notice stated: "Appeals from this decision must be filed with the Oregon Tax Court in the Magistrate Division within 90 days of the postmark date on this letter. Information and forms for both actions are available from this office." (Def's Ex C at 1.) In addition, the declass notice stated that "[t]he additional tax of [$]3,421.57, required by ORS321.372 will be added to the taxes extended against the property on the 2006-07 tax roll." The additional property tax appeared on the property tax statement issued to Plaintiff in October 2006. Plaintiff paid the assessed tax on November 13, 2006. (Def's Ltr at 2, Sept 15, 2008.) *Page 2 
Plaintiff's Complaint, filed April 18, 2008, appeals the additional property tax assessment in the amount of $3,421.57. Defendant alleges that Plaintiff did not "timely" appeal the declass notice. (Def's Ltr at 3, June 13, 2008.)
In addition to the declassification, Defendant "discovered" that "the subject land value was still being assessed as part of a larger unit even though it was a stand alone buildable site. The subject land RMV was revalued as a buildable home site for the 2006-07 tax year." (Id. at 2.) Plaintiff paid the assessed tax on November 13, 2006. (Def's Ltr at 2, Sept 15, 2008.) Plaintiff appealed to the Board of Property Tax Appeals (BOPTA). On April 4, 2007, BOPTA issued its Order sustaining "the tax roll of Clackamas County for the tax year 2006-07." (Def's Ex D.)
Plaintiff appealed the real market value of the subject property to BOPTA for tax year 2007-08. BOPTA issued its Order on March 26, 2008, sustaining the "tax roll of Clackamas County for the tax year 2007-08." For tax year 2007-08, the real market value of the subject property was $416,307 and the maximum assessed value and assessed value was $252,469. (Ptf's Compl at 2.) Plaintiff appealed BOPTA's order. Plaintiff alleges that he pays "30% more in property tax than comparable homes in my area, including identical properties." (Ptf's Ltr, Aug 2, 2008.) Defendant alleges that Plaintiff's requested real market value of $385,000 "would not result in a reduction in AV or taxes; therefore the plaintiff is not aggrieved." (Def's Ltr at 3, June 13, 2008.)
 II. ANALYSIS
The Oregon Legislature developed an appeals procedure for taxpayers to follow when challenging the values assigned to their property.Marsee v. Clackamas County Assessor, TC-MD 050041D, WL 1089833 at *1 (Mar 24, 2005). Generally, the first step in the appeals *Page 3 
process is to appeal the county's assessment to BOPTA by December 31 of the current tax year. See ORS 309.100(2).[1]
A. Good and sufficient cause
Generally, a taxpayer may not appeal to this court without first appealing to BOPTA unless a statutory exception applies. See Dept. ofRev. v. Oral and Maxillofacial Surgeons, 15 OTR 284, 287 (2001); ORS305.275(3). Such an exception is found in ORS 305.288.[2] That statute provides that the Tax Court:
 "may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year * * * if * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure * * * or taxpayer to pursue the statutory right of appeal."
ORS 305.288(3).
For tax year 2006-07, Plaintiff exercised his right of appeal. According to Defendant, Plaintiff appealed to BOPTA. (Def's Ltr at 3, June 13, 2008.) Plaintiff submitted no evidence acknowledging the BOPTA appeal or the content of its Order. Defendant submitted a copy of BOPTA's Order dated April 4, 2007, sustaining the tax roll values. (Def's Ex D.) Plaintiff did not file an appeal in the Tax Court within 30 days of the date of that BOPTA Order. *Page 4 
Plaintiff states that he is now appealing Defendant's declass notice, dated December 21, 2005. (Def's Ex C at 1.) The 90 day appeal period has long past. Plaintiff now has no statutory right of appeal remaining. Because ORS 305.288(6) states that the "remedy" provided in ORS 305.288
"is in addition to all other remedies provided by law," the court now turns to the issue of good and sufficient cause.
Good and sufficient cause "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." ORS 305.288(5)(b)(B). Plaintiff alleges that, because he did not receive the letter notifying him that his property was declassified, he could not file an appeal.
Prior to exercising his right of appeal to BOPTA, Plaintiff paid the property tax assessment. (Def's Ltr at 2, Sept 15, 2008.) At that time, Plaintiff should have known that he was being assessed additional taxes for the declassification of his property because he received a property tax statement setting forth the amount. Plaintiff does not deny receiving the 2006-07 property tax statement with the additional tax assessment for the declassification that was labeled "declass forest." (Def's Ex A at 8.) His property taxes increased from $2,792.52 to $7,409.21. (Id.) Even if he had not received Defendant's declass notice, Plaintiff received notice of the declassification when he received his property tax statement. Plaintiff offers no explanation as to why he filed his Complaint more than 17 months after he paid the additional property tax assessment.
Absent an explanation that meets the statutory definition of good and sufficient cause, the court concludes that Plaintiff failed to timely pursue his right to appeal Defendant's declassification of his property from forestland special assessment and the resulting property tax assessment. *Page 5 
B. Aggrievement
A taxpayer must have standing to bring a property tax appeal to the court. ORS 305.275. To have standing, a taxpayer must be "aggrieved." ORS 305.275(1)(a). "In requiring that taxpayers be `aggrieved' under ORS305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000).
For a taxpayer to be aggrieved, the alleged real market value must be lower than the maximum assessed value. Parks Westsac L.L.C. v. Dept. ofRev., 15 OTR 50, 52 (1999). For the 2007-08 tax year, Plaintiff filed a timely appeal from BOPTA's Order. Plaintiff alleges a real market value of $385,000. Plaintiff has not alleged a real market value less than his maximum assessed value. Defendant stated that, if the court ordered that the tax roll be changed to Plaintiff's requested real market value, there would be no change in the amount of property taxes Plaintiff paid for the tax year. (Def's Ltr at 3, June 13, 2008.) Plaintiff is not aggrieved.
Plaintiff argues that he is paying higher taxes on a higher assessed value than taxes assessed on other "identical properties" that have lower maximum assessed values. (Ptf's Ltrs, dated Aug 2, 2008, and July 16, 2008.) Plaintiff's assessed value and maximum assessed value are the same. The Oregon Constitution makes no provision for reducing the maximum assessed value. The silence of section 11 of the Oregon Constitution with respect to downward adjustments to maximum assessed value was a "conscious decision" showing an intent for "any valuedecreases to be reflected in the alternative to maximum assessed value:real market value." Taylor v. Clackamas County Assessor (I), 14 OTR 504,510 (1999) (emphasis added). See also Ellis v. Lorati (Ellis),14 OTR 525, 534 (1999) (holding that "[p]aragraph [11(1)] (g) is clearly intended to prevent going back in history and revising each property's MAV [maximum *Page 6 
assessed value] starting point.") The court in Ellis discussed maximum assessed value and its impact on the property tax system:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of section 11. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity, specifically Article IX, section 1, and Article I, section 32."
Ellis v. Lorati, 14 OTR 525, 535 (1999). The current property tax system enacted by the citizens of Oregon permits varying "degrees of nonuniformity." Id. Unfortunately for Plaintiff, the identical properties Plaintiff identified have lower maximum assessed values than his which result in assessed taxes lower than those assessed to Plaintiff. In this case, the court does not have the authority to redetermine maximum assessed value.
C. Declassification Notice
Plaintiff alleges that Defendant's declass notice incorrectly referenced ORS 321.372 which was repealed in 1999. (Ptf's Ltr, Sept 10, 2008.) Defendant acknowledged the error in its letter dated September 16, 2008; Joe Honl, Appraisal Manager, wrote that "[t]he correct authority for adding the tax and extending it to the 2006-07 [tax year] is 308A.703."
The disqualification notice procedures are found in ORS308A.718(5)(a)(D), which states in pertinent part, that "the county assessor shall furnish the owner with a written explanation summarizing * * * [t]he imposition of any penalties that would result from the disqualification if no requalification or reclassification is made under one of the other special assessment laws listed in this paragraph." Defendant complied with the statutory requirement. In its declass notice, Defendant's explanation summarily stated that, if Plaintiff failed to requalify or apply for a reclassification of the subject property, the property would be assessed at its fair market value. *Page 7 
The notice went on to state that additional tax would be assessed and appear on Plaintiff's 2006-07 property tax statement which Plaintiff would "receive in late October 2006." (Def's Ex C at 1.) There is no statutory requirement to include a citation to the applicable statute. There is no dispute that, if Defendant cites a statute in its declass notice, it should be correct. Absent a statutory requirement to cite the statute, the failure to correctly do so does not invalidate the notice.
 III. CONCLUSION
After careful review of the evidence presented by the parties, the court finds that Plaintiff does not meet the statutory requirements of showing good and sufficient cause for failing to appeal Defendant's declassification notice. Further, even if the court were to grant Plaintiff's requested relief for tax year 2007-08, he is not aggrieved because there would be no change in his maximum assessed value, assessed value, or property taxes for the 2007-08 tax year. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.
Dated this _____ day of October 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onOctober 6, 2008. The Court filed and entered this document on October 6,2008.
[1] Unless otherwise stated, all references to the Oregon Revised Statutes (ORS) are to 2007.
[2] ORS 305.288(1) provides another exception:
 "(1) The tax court shall order a change * * * applicable to a separate assessment of property to the assessment and tax roll for the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change * * * is applicable, the property was used * * * primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
That exception is not applicable because Plaintiff is challenging Defendant's declassification notice. Plaintiff has not requested that the court change real market value for any tax years other than 2007-08. The 2007-08 tax year is a timely appeal from a BOPTA Order. *Page 1