IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| AKS LLC, an Oregon limited liability company, and HERMAN RV STORAGE LLC, an Oregon limited liability company, | ) ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 170007R |
| v. | ) ) ) | |
| WASHINGTON COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL[1]** |

This matter came before the court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction. Plaintiffs filed their Complaint on January 3, 2017, seeking a determination of "the real market and assessed values" of the subject property for the 2016-17 tax year. (Ptfs' Compl at 3.) On February 9, 2017, Defendant filed its Answer and Motion to Dismiss, asserting that this court does not have jurisdiction because Plaintiffs failed to appeal to the board of property tax appeals (BOPTA) prior to filing their Complaint in the Tax Court. On March 17, 2017, Plaintiffs filed their Supplemental Response to Defendant's Motion to Dismiss. Defendant filed its Reply on March 27, 2017. Plaintiffs filed their Supplemental Reply to Motion to Dismiss on April 7, 2017. The matter is ready for a decision.

I. STATEMENT OF FACTS

This appeal involves the 2016-17 tax year. In 2015, Plaintiffs entered into a stipulation for real property identified as account R529930 (the subject property.) (Ptfs' Compl, Ex 2.) Pursuant to the stipulation the subject property was agreed to have a land real market value of

_____

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered June 14, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

$1,135,770 and an improvements real market value of $2,164,230, leading to a total real market value of $3,300,000. *Id.* A Stipulated Judgment was entered by this court in case TC-MD 150181C on July 24, 2015, and became final without a further appeal. Plaintiffs subsequently subdivided the property, and for the tax year 2016-17, Defendant identified the subject property by 107 different account numbers and assessed them collectively at $4,904,540 (real market value) and $3,555,590 (assessed value). (*See* Ptfs' Supplemental Resp at 1; Ptfs' Compl at 1–2.) Plaintiffs assert they are aggrieved by the division of the Subject Property into 107 property tax accounts and the increase in real market and assessed values. (Ptfs' Compl at 2.) Plaintiffs challenged the real market and assessed values of the subject property in a separate appeal to BOPTA, but that appeal was still pending when Plaintiffs filed their Complaint in the Tax Court. (Ptfs' Supplemental Resp at 1 n 1.)

## II.  ANALYSIS

The issue before the court is whether Plaintiffs may bring their appeal directly to the Tax Court without first obtaining an appealable order from BOPTA. Plaintiffs assert that because they have an adjudicated value for the property, and their issue is limited to a legal rather than a factual issue, BOPTA does not have jurisdiction to decide the matter. Thus, Plaintiffs argue, a direct appeal to the Tax Court from Defendant's assessment is proper. Defendant asserts that Plaintiffs' failure to first obtain an order from BOPTA deprives this court of jurisdiction to decide the matter.

A.    *Adjudicated value*

ORS 309.115 governs adjudicated value and states in relevant part: [2]

"(1) If the Department of Revenue, the board of property tax appeals or the tax court or other court enters an order correcting the real market value of a separate

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

assessment of property and there is no further appeal from that order, except as provided under subsection (2) or (3) of this section, the value so entered shall be the real market value entered on the assessment and tax rolls for the five assessment years next following the year for which the order is entered."

The adjudicated value is mandatory and "[e]xcept for changes in value [listed in the statute], a tax administrator may not use any value other than the ORS 309.115 value." *Pacificorp v. Dept. of Rev.*, 11 OTR 463, 465 (1990). One of those listed changes in value is that "adjustments may be made to the real market value" for "changes directly related to subdividing or partitioning the property." ORS 309.115(2), (2)(f).

"If an assessor does not correctly apply [ORS 309.115], the taxpayer may appeal." *Gettman v. Dept. of Rev.*, TC 3388, WL 300719 at *1 (Or Tax, Aug 5, 1993). In appealing a property with an adjudicated value this court has held that taxpayers have two paths during the five-year value period: "[A] taxpayer may challenge whether the assessor correctly determined the real market value under ORS 309.115 or the taxpayer may challenge the real market value anew, but the taxpayer cannot do both." *Stanwood v. Multnomah County Assessor*, TC-MD 140092N, WL 4053938 at *3 (Or Tax M Div, Aug 15, 2014)(citing *Pacificorp*, 11 OTR at 466).

Here, Plaintiffs' Complaint requests "that the real market and assessed values of the subject property for the 2016-17 tax year is no more than $3,300,000." (Compl at 3.) Plaintiffs indicated that they were pursuing an appeal both before BOPTA and this court; however, since this is a motion on the pleadings the court need not decide if that strategy violates the precedent set in *Pacificorp*.

B.      *BOPTA's Jurisdiction Involving Adjudicated Values*

Under ORS 309.100, the owners of any taxable property "may petition the board of property tax appeals for relief as authorized under ORS 309.026." ORS 305.026 states, in

/ / /

pertinent part, that BOPTA "shall hear petitions for the reduction of" real market value and assessed value. ORS 309.026(2)(a), (b).

This court is not aware of any decision in which the any court has directly decided the issue of BOPTA's original jurisdiction in an ORS 309.115 appeal. In *Wynn v. Dept. of Rev.*, 342 Or 515 (2007), the Supreme Court upheld a dismissal of a case where a party appealed to the Regular Division without first obtaining a final decision from the Magistrate Division. Interestingly, and although not central to the decision, the Plaintiff in that case had also appealed to BOPTA. *Id.* at 517. [3]

This court has previously determined that ORS 309.026 provides BOPTA with broad jurisdiction over valuation disputes: "There is no limiting language in the statute constraining [BOPTA] to factual as opposed to legal disputes affecting value." *23rd & Flanders LLC v. Multnomah Cty. Assessor*, 17 OTR-MD 438, 442 (2003). In *23rd & Flanders*, this court rejected an attempt to "characterize [an] appeal as something other than a challenge to value." *Id.* In that case the subject property was found to be contaminated by leaking underground storage tanks. *Id.* at 439. After cleanup efforts and rehabilitation, the county assessor revalued the property, adjusting its value more than the typical three-percent annual increase. *Id.* at 439–440. The taxpayer appealed to the Magistrate Division without first petitioning BOPTA, claiming that the case did not "involve a valuation appeal but rather the correct interpretation and application of the law." *Id.* at 440. The taxpayer argued that "the assessor erred in determining that the cleanup constituted a change in the property of the type" that would warrant reassessment. *Id.* at 442. The court looked to the nature of the relief sought, which it determined was a reduction to

_____

[3] In *Gray v. Multnomah County Assessor*, this court heard the appeal of an adjustment to adjudicated value that had not first been brought to BOPTA. TC-MD 110232N, WL 3717045 (Or Tax M Div, Aug 24, 2011). The plaintiff in that case alleged several points of methodological failure in the assessor's application of the statute. However, in that case the issue of whether BOPTA had jurisdiction was not raised.

the assessed value of the subject property. *Id.* The court acknowledged "that the dispute [was] largely a question of law and not fact," but concluded that the nature of the case was nonetheless an appeal of value over which BOPTA had jurisdiction. *Id.*

Plaintiffs' Complaint asserts they are aggrieved because Defendant improperly reassessed and divided the subject property into 107 separate accounts in violation of ORS 309.115. Despite how Plaintiffs characterize their Complaint, it is essentially a request for reduction of the real market and assessed values.[4] Just as in *23rd & Flanders*, the language of ORS 309.026 does not limit BOPTA's jurisdiction over the type of valuation disputes. Indeed, the court in *23rd & Flanders* understood that challenges to value increases after a property had been partitioned or subdivided were within BOPTA's purview. 17 OTR-MD at 443. The court concludes that BOPTA has jurisdiction to provide relief requested by Plaintiffs.

C.      *Tax Court jurisdiction of property tax appeals*

Generally, any person aggrieved by an act, omission, order or determination of a county assessor may appeal to the Oregon Tax Court if certain criteria are met and as long as "[t]here is no other statutory right of appeal for the grievance." ORS 305.275(1)(a)(C), (c). Stated differently, "[i]f a taxpayer may appeal to [BOPTA] under ORS 309.100, then no appeal may be allowed [in the tax court]." ORS 305.275(3)[5].

Because Plaintiffs request a reduction of both real market value and assessed value of the subject property, Plaintiffs "may petition [BOPTA] for relief[.]" ORS 309.026(2)(a), (b); ORS 309.100. Another request in Plaintiffs' Complaint is for the court to reduce the number of the

---

[4] In addition to appealing under ORS 309.115, Plaintiffs' Complaint alleges that Defendant improperly increased the real market value under "ORS 305.205 *et seq.*" and the maximum assessed value under ORS 308.162. (Ptfs' Compl at 2–3.) Those challenges to real market and maximum assessed value fit squarely within BOPTA's jurisdiction. ORS 309.026(2).

[5] *Cf* ORS 305.288(3).

subject property's tax accounts. (Ptfs' Compl at 3.) Here, even though Plaintiffs question whether the "changes [in value are] <u>directly</u> related to subdividing or partitioning the property," and even though Plaintiffs argue that Defendant "failed to connect the upward adjustment it made to [the subject property's value] to the alleged partition," ultimately, this request is a challenge to value of the subject property. (Ptfs' Resp at 4.) (Emphasis in original.) The relief Plaintiffs are seeking is a challenge to real market value and assessed value and could have been filed with BOPTA. ORS 309.026(2)(a), (b); ORS 309.100. Therefore, this court does not have jurisdiction to provide the relief sought by Plaintiffs. ORS 305.275(3).

D.      *Good and sufficient cause for failing to appeal to BOPTA*

ORS 305.288(3) states that a failure to appeal to BOPTA may be excused where the "taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal." In this case Plaintiffs did not present any evidence to establish good and sufficient cause for failing to appeal to BOPTA.

## III. CONCLUSION

After careful consideration of the law and the facts of this case, the court finds that the issues presented by Plaintiffs' Complaint were within the jurisdiction of BOPTA and Plaintiffs were required to obtain an appealable order from that entity prior to instituting proceedings in the Tax Court. Further, Plaintiffs did not establish good and sufficient cause for not first obtaining an order from BOPTA. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and Plaintiffs' appeal is dismissed.

IT IS FURTHER DECIDED that Plaintiffs' request for costs and disbursements, contained in their Complaint, is denied.

Dated this ____ day of July 2017.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on July 5, 2017.*