DECISION OF DISMISSAL
This matter is before the court on Plaintiff's (Delores D. Long) appeal of the real market value of property identified as Account R318812 for tax years 2005-06, 2006-07, 2007-08, and 2008-09. A case management conference was held on August 4, 2009.
At the conference, Plaintiff stated that she never appealed the real market value of the subject property to the Board of Property Tax Appeals (BOPTA). In her Complaint, Plaintiff did not state the real market values she requested. To her Complaint, Plaintiff attached a document titled Portland Maps, stating that the 2008-09 real market value of the subject property is $406,260. The maximum assessed value and assessed value are $336,000. Plaintiff stated that she is currently marketing the property for sale and she recently had the property appraised for $310,000.
Defendant filed its Motion to Dismiss on June 8, 2009. Defendant alleges that because Plaintiff failed to file appeals with BOPTA, her "appeal * * * should be dismissed. ORS 305.275(3)." (Def's Mot to Dismiss.) Defendant also alleges that because her "complaint does not request a reduction in the real market value equal to or greater than 20% of the real market value on the roll," the court does not "have jurisdiction over the subject matter of the complaint under ORS 305.288(1)." (Id.) *Page 2 
During the telephone conference, Defendant's Motion to Dismiss was discussed. The court granted Plaintiff until September 12, 2009, to respond in writing to Defendant's Motion to Dismiss. As of this date, Plaintiff has not responded to Defendant's Motion to Dismiss.
A taxpayer must have standing to bring a property tax appeal to the court. ORS 305.275.[1] To have standing, a taxpayer must be "aggrieved." ORS 305.275(1)(a). "In requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000).
In the case before the court, Plaintiff stated that she is appealing the real market value of the subject property because there is "gross error on taxes" and the "taxes" should be "in-line with neighborhood." (Ptfs' Compl at 1.) For a taxpayer to be aggrieved, the alleged real market value must be lower than the maximum assessed value. Parks WestsacL.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999). Plaintiff has not alleged real market values less than her maximum assessed values. There is no evidence to show that Plaintiff is aggrieved. In addition, there is no evidence to show that Plaintiff met the statutory requirements of ORS305.288(1) (20 percent difference in the property's real market value and the property's real market value on the tax roll) *Page 3 
or ORS 305.288(3) (good and sufficient cause for failing to appeal to BOPTA) which would allow her to file her appeal with the court, rather than BOPTA. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jill A. Tanner on October 8,2009. The Court filed and entered this document on October 8, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1