PARKS WESTSAC L.L.C,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4366)

Thomas P. Kerr, Sacramento, filed a response for Plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed the motions and briefs for Defendant (the department).

Defendant's Motion to Dismiss granted, and Defendant's Motion for Summary Judgment deemed moot September 28, 1999.

### CARL N. BYERS, Judge.

Plaintiff (taxpayer) appeals the 1997-98 real market value assigned to its property, even though the assessed value is less. Taxpayer asserts that because the 1996-97 real market value was adjudicated under ORS 309.115,[1] that value must be carried over to the 1997-98 tax year. Defendant Department of Revenue (the department) has filed a

---

[1] All references to the Oregon Revised Statutes are to 1997.

Motion to Dismiss and a Motion for Summary Judgment, both of which assert that taxpayer is not "aggrieved" within the meaning of ORS 305.275. If taxpayer is not aggrieved within the meaning of that statute, then taxpayer does not have standing; and, therefore, the court may not exercise its jurisdiction over the claim.

## FACTS

Taxpayer appealed the 1996-97 real market value of its property to the Magistrate Division of the Tax Court. Omitting history not relevant here, taxpayer prevailed and the real market value was established at $624,070. For the 1997-98 tax year, the assessor set the real market value at $831,320. However, this was not used as the assessed value because the newly enacted Measure 50 (Article XI, section 11, of the Oregon Constitution) established a maximum assessed value for taxpayer's property of $561,663.

## ISSUE

Is taxpayer aggrieved by the assessor placing an increased real market value on the assessment records?

## ANALYSIS

Taxpayer claims the benefits of ORS 309.115. ORS 309.115(1) provides:

> "* * * If the board of property tax appeals or the tax court or other court enters an order correcting the value of a separate assessment of property and there is no further appeal from that order, except as provided under subsection (2) of this section, the value so entered *shall be the value entered on the assessment and tax rolls* for the five assessment years next following the year for which the order is entered." (Emphasis added.)

If that statute was applied literally, then taxpayer's assessment for the 1997-98 tax year would be $624,070 instead of $561,663. That is hardly in taxpayer's interest. The only reason that taxpayer's assessed value is not $624,070 is because its property's maximum assessed value is established under the constitution, and the constitution overrides the statute.

The court concludes that taxpayer is not aggrieved within the meaning of ORS 305.275. So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved. In the future, if the adjudicated value under ORS 309.115 is ever less than the maximum assessed value *and* the assessor does not apply the adjudicated value, the taxpayer at that time can make a claim for the benefits of ORS 309.115. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted, and

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is deemed moot. Costs to neither party.