DECISION
Plaintiff appealed the value of his land for tax years 2005-06, 2006-07, and 2007-08, based on the purchase price in February 2005. Defendant requested in its Answer that the appeal be dismissed because Plaintiff did not file an appeal with the board of property tax appeals (board) before appealing to this court, and Plaintiff lacks good and sufficient cause for failing to do so. The court heard the dismissal request at the March 24, 2008, case management conference. Plaintiff appeared on his own behalf. Defendant was represented by Theresa Maul (Maul).
 I. STATEMENT OF FACTS
Plaintiff bought the subject property as an unimproved lot in early 2005 for $67,000. The property is described as Account 246456. The real market value (RMV) on the tax roll for the 2005-06 tax year was $100,000 (land only). Plaintiff received a tax statement from Defendant in October 2005 reflecting the $100,000 RMV, but did not take any action to challenge the value at that time. Sometime after his purchase, Plaintiff had a home built on the property. Defendant increased the RMV of the land to $111,000 based on a market trend of five percent, plus $6,000 for site developments. The land RMV increased slightly to $114,150 for the 2007-08 tax year.
Plaintiff filed his Complaint with the Tax Court on January 7, 2008, requesting that the court reduce the RMV for the 2005-06 tax year to $67,000, and that the RMV for subsequent *Page 2 
years "reflect the reduction in RMV for the land." (Ptf's Compl at 2.) When pressed by the court at the March 24 proceeding, Plaintiff estimated his land RMV to be approximately $76,350 for the 2006-07 tax year and $80,168 for the 2007-08 tax year (an annual increase of five percent).
 II. ANALYSIS
Plaintiff appealed directly to the Tax Court, bypassing the board appeal process outlined in ORS 309.020.[1] The appeal to the Tax Court is typically from an order of the board as provided in ORS 305.275(3) and ORS 305.280(4). Although that might ordinarily foreclose the possibility of an appeal, the legislature has provided the means by which a taxpayer may nonetheless appeal to the Tax Court if the requirements of ORS 305.288 are satisfied.
Tax year 2005-06
The subject property was unimproved in 2005 and, in order for the court to consider Plaintiff's value reduction request for that year, Plaintiff must have a satisfactory reason for failing to follow the statutory process discussed above. Under ORS 305.288(3), the taxpayer must establish that:
 "* * * for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." Id.
The term "good and sufficient cause" is defined in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal." ORS 305.288(5)(b) (emphasis added). Plaintiff was asked by the court why he did not file an appeal in 2005 and he testified that he did not even inquire about the value until sometime in 2006 when he was at the assessor's office making his final trimester tax payment. Plaintiff was *Page 3 
advised at that time that he had missed the board appeal deadline and was given an appeal form for the Tax Court. It was not until nearly two years later that Plaintiff appealed. Plaintiff testified that he was not aware that there was any urgency to the matter, and that he put it on the "back burner." The statutory definition of good and sufficient cause specifically excludes "inadvertence, oversight, [and] lack of knowledge." ORS 305.288(5)(b)(B).
Tax years 2006-07 and 2007-08
The court's analysis of the good and sufficient cause standard set forth immediately above applies with equal force to the 2006-07 and 2007-08 tax years. However, one additional provision applicable to those years is the 20 percent error rule provided in ORS 305.288(1)(b), open for analysis because the subject property was "used primarily as a dwelling" beginning in 2006. Plaintiff asserts that the RMV of the land that year was $76,350, compared to an RMV on the rolls of $111,000. Although that assertion satisfies the 20 percent rule, Plaintiff suffers yet another legal impediment — he is not aggrieved, as required by ORS305.275.
This court has previously stated that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev.,15 OTR 124 (2000); see also Parks Westsac L.L.C. v. Dept. of Rev.,15 OTR 50 (1999) (concluding that "[s]o long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved"). In the context of a property tax appeal, the requested reduction, if granted, must produce a corresponding reduction in taxes. In this case, the overall RMV would be reduced from $374,820 to $340,170; the AV is only $205,720. Maul testified that a reduction in RMV to $340,170 would have no impact on Plaintiff's property taxes because RMV would remain considerably higher than MAV. Plaintiff is therefore not aggrieved. *Page 4 
Plaintiff made a similar request for the 2007-08 tax year and suffers from the same fate — the requested reduction would not impact Plaintiff's 2007-08 property taxes.
 III. CONCLUSION
Plaintiff's request for a reduction in the RMV of the land described as Account 246456 for tax years 2005-06, 2006-07, and 2007-08, is dismissed because Plaintiff did not properly pursue the statutory right of appeal and does not have a statutorily sufficient reason under
ORS 305.288(3) for failing to do so. Moreover, although Plaintiff did allege an error in value in excess of 20 percent for tax years 2006-07 and 2007-08, the requested reduction for those years would not generate a tax savings and Plaintiff is therefore not aggrieved. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.
Dated this _____ day of April 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on April 11, 2008.The Court filed and entered this document on April 11, 2008.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1