DECISION OF DISMISSAL
A case management conference held July 30, 2008. Subsequently, written information was received from the parties; the record closed September 10, 2008.
 I. STATEMENT OF FACTS
Plaintiff appeals the 2006-07 and 2007-08 real market value (RMV) of the property identified in Defendant's records as Account 14650.
For tax year 2007-08, Defendant assigned the property a RMV of $1,543,050 and a maximum assessed value (MAV) of $808,080. Upon appeal to the Columbia County Board of Property Tax Appeals (BOPTA), those values were sustained. There is no exception value for new construction for that year. Plaintiff contends the RMV should be reduced to $1,100,000.
Plaintiff also is concerned with the 2006-07 tax year, although specific values were not cited. No appeal was taken to BOPTA for that year. The parties did earlier confer and reductions were made by Defendant on November 9, 2006. The reasons were listed as "Request for Review, ORS 308.242, Square Footage Change and Class Quality Reduced from 7 to 6 based on interior inspection on 11/7/06." (Ptf's Compl at 3.) *Page 2 
Plaintiff contends he now measures a marked difference in the interior size of the structure. Defendant later reviewed the size of the property. Sue Poling, Columbia County Assessor, (Poling) reported that "[t]he results were minimal." (Def's Ltr, Sept 3, 2008.) Furthermore, Poling concluded there were no value changes due to size differences that would affect the 2007-08 MAV of $808,080.
 II. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which was the implementation year for M50, the MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[1] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2).
Exceptions to the general three percent increase in a property's MAV exist. ORS 308.146(3) provides that, when major improvements are made to property, the MAV may increase by more than the allowable three percent. In that instance, the MAV is calculated by adding together the MAV of the property prior to the improvements to the RMV of the new improvements "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment year." ORS 308.153(1). *Page 3 
Any mistake as to an earlier year's exception value is clearly an error in valuation judgment. That is not correctable as a clerical error. ORS311.205(1)(b).
The concept of MAV is an artificial statutory creation. In Taylor v.Clackamas County Assessor (I), the Tax Court held:
 "It is important to point out that maximum assessed value is an arbitrary limit. It is possible that section 11 will, over time, result in nonuniform property taxation. The drafters of Measure 50 recognized that because they expressly provided that Article I, section 32, and Article IX, section 1, of the Oregon Constitution, both of which address the issue of uniformity in taxation, do not apply to section 11. Or Const, Art XI, § 11(18). If the voting public approved a scheme that may result in nonuniform taxation, then they implicitly accepted the notion of some degree of `unfairness.' That is, by providing for taxation of property at the lesser of maximum assessed value or real market value, they accepted all of the potential inconsistencies and lack of uniformity in between."
14 OTR 504, 511 (1999) (Decision withdrawn on other grounds.)
The court reiterated its holding in Ellis v. Lorati, stating:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
Plaintiff contends the 2007-08 RMV should be set at $1,100,000. Since that is higher than the MAV at $808,080, there is no tax savings possible. As such, no tax change would occur and there would be no refund. Therefore, there is no real tax impact to the dispute; Plaintiff is not aggrieved. So long as the property's maximum assessed value is less than its real market value, the taxpayer is not aggrieved within the meaning of ORS 305.275. Parks Westsac L.L.C. v. Dept. of Rev.,15 OTR 50 (1999). *Page 4 
 III. CONCLUSION
The court concludes that Defendant calculated the 2007-08 MAV properly and, as a result, the court is without authority to modify the AV of the property because Plaintiff is not aggrieved. Likewise, the court has no authority to modify the real market value of the property for tax year 2006-07. Consequently, the court finds the appeal must be dismissed. Now, therefore,
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
Dated this ______ day of October 2008.
If you want to appeal this decision, file a complaint in the RegularDivision of the
 Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR97301-2563; or by
 hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.
 Your complaint must be submitted within 60 days after the date of thedecision or
 this decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on October24, 2008.
 The Court filed and entered this document on October 24, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1