DECISION OF DISMISSAL
This matter is before the court on Defendant's verbal motion to dismiss made during a case management conference held August 12, 2008.[1] Karen J. Rafnel and Dennis R. Harris appeared on their own behalf. Leslie Cech and Alan Kind appeared for Defendant. Subsequently, written information was received; the record closed November 13, 2008.
 I. STATEMENT OF FACTS
Plaintiffs appeal the assessed value of certain real property, identified in Defendant's records as Account R566918, for tax years 2006-07 and 2007-08.
For the 2006-07 tax year, Defendant reviewed changes made to the subject property pursuant to a minor partition that occurred in 2005. For that, and other appropriate value additions, Defendant added a total exception value of $255,000. Plaintiffs did not appeal those additions to the 2006-07 Multnomah County Board of Property Tax Appeals (BOPTA).
For tax year 2007-08, Defendant assigned the property a real market value (RMV) of $1,345,320 and a maximum assessed value (MAV) of $719,750. Upon appeal to BOPTA, the RMV was reduced to $1,022,080; the MAV was not changed. *Page 2 
Plaintiffs do not contest the RMV of the property for tax year 2007-08. Instead, they challenge the MAV and AV of the property, requesting that the values be reduced to account for overvaluation errors and the changes Defendant noted as occurring in 2005. Plaintiffs are also concerned with assessment inequities they perceive in the neighborhood. They produced data showing their property being assessed at a higher level than others.
Defendant claims the appeal should be dismissed because Plaintiffs are challenging the MAV and the court cannot adjust the MAV for an earlier year.
 II. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which was the implementation year for M50, the MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[2] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2).
Exceptions to the general three percent increase in a property's MAV exist. ORS 308.146(3) provides that, when certain land is legally partitioned, the MAV may increase by more than the allowable three percent. In that instance, the MAV is calculated by the formula mandated by ORS 308.156(5). *Page 3 
In 2005, the subject land was part of an official partition process. Defendant captured this "exception value" for the 2006-07 tax year. From that value, the MAV increased the allowable three percent for the 2007-08 tax year. Because the MAV is less than the property's RMV, it is the property's AV for tax year 2007-08. The court finds that Defendant calculated the 2006-07 MAV properly with the information available at that time and there is no basis for changing it during a later tax year.
The concept of MAV is an artificial statutory creation. In Taylor v.Clackamas County Assessor (I), the Tax Court held:
 "It is important to point out that maximum assessed value is an arbitrary limit. It is possible that section 11 [of the Oregon Constitution] will, over time, result in nonuniform property taxation. The drafters of Measure 50 recognized that because they expressly provided that Article I, section 32, and Article IX, section 1, of the Oregon Constitution, both of which address the issue of uniformity in taxation, do not apply to section 11. Or Const, Art XI, § 11(18).) If the voting public approved a scheme that may result in nonuniform taxation, then they implicitly accepted the notion of some degree of `unfairness.' That is, by providing for taxation of property at the lesser of maximum assessed value or real market value, they accepted all of the potential inconsistencies and lack of uniformity in between."
14 OTR 504, 511 (1999) (Decision withdrawn on other grounds.)
The court reiterated its holding in Ellis v. Lorati, stating:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
The court finds, therefore, that it is without authority to adjust the MAV for a prior tax year based on Plaintiff's allegations. The existence of assessment nonuniformity is not a topic for this court to address. *Page 4 
Finally, even if Plaintiffs were to receive a reduction in the RMV of the improvements for tax year 2006-07 consistent with their request, there still would be no change in the MAV for that year.[3] So long as the property's maximum assessed value is less than its real market value, the taxpayer is not aggrieved within the meaning of ORS 305.275.Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50 (1999).
 III. CONCLUSION
The court concludes that Defendant calculated the 2006-07 MAV properly and, as a result, the court is without authority to modify the AV of the property during a later tax year. Further, the court finds Plaintiffs are not aggrieved for either tax year 2006-07 or 2007-08. Consequently, the court finds Defendant's Motion to Dismiss must be granted. Now, therefore,
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
Dated this ______ day of November 2008.
If you want to appeal this decision, file a complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your complaint must be submitted within 60 days after the date of thedecision or this decision becomes final and cannot be changed..
 This document was signed by Magistrate Jeffrey S. Mattson on November28, 2008. The Court filed and entered this document on November 28,2008.
[1] The motion was renewed in Defendant's filing of October 2, 2008.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.
[3] Defendant computations filed October 2, 2008.