DECISION OF DISMISSAL
This matter is before the court on Plaintiff's appeal of the real market value of her property identified as Account R2123321 for tax year 2008-09. A case management conference was held on January 2, 2009, and a second telephone case management conference was held on July 2, 2009.
Plaintiff appealed the real market value of the subject property to the Board of Property Tax Appeals (BOPTA). In its Order dated February 27, 2009, BOPTA reduced the real market value to $310,000. The maximum assessed value and assessed value remained unchanged at $226,830. Plaintiff requests that the real market value be reduced to $288,000 to recognize the costs to cure structural defects.
A taxpayer must have standing to bring a property tax appeal to the court. ORS 305.275.[1] To have standing, a taxpayer must be "aggrieved." ORS 305.275(1)(a). "In requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000). *Page 2 
In the case before the court, Plaintiff stated that she is appealing the real market value of the subject property because the real market value of her property does not accurately reflect the costs to cure the identified structural defects. For a taxpayer to be aggrieved, the alleged real market value must be lower than the maximum assessed value.Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999). Plaintiff has not alleged a real market value less than her maximum assessed value. Defendant concluded, in its letter dated July 2, 2009, that "if the proposed change in real market value" was allowed "there would be no change in the taxes. It was verified with the Washington County tax collector that this account would not be subject to any compression, and the recommended RMV of $288,000 is not below the MAV of $226,830." Because the real market value Plaintiff alleges will not result in a change in her property taxes, Plaintiff is not aggrieved. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onAugust 21, 2009. The Court filed and entered this document on August 21,2009
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.