DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on July 1, 2009, requesting that the Complaint be dismissed.
A case management conference was held August 20, 2009. Patricia Treece (Treece) represented Plaintiff; Ken Collmer and Richard Sanderman appeared for Defendant.
This appeal concerns residential property identified as Account R187964. Plaintiff contests the property valuations for seven tax years, 2002-03 through 2008-09.
The court may only consider valuation appeals for — at most — the current tax year and the two prior years. ORS 305.288.[1] Therefore, tax years 2002-03 through 2005-06 must be dismissed at the outset.
For tax year 2008-09, a timely appeal was filed with the Multnomah County Board of Property Tax Appeals (BOPTA). Value reductions were made in an Order mailed April 2, 2009. The court has the authority to consider that year within its initial review.
For tax years 2006-07 and 2007-08, no BOPTA petitions were submitted. Oregon has a structured appeals system for taxpayers to follow when challenging the real market value (RMV) assigned to their properties. The first step in the appeal process is to a county BOPTA. *Page 2 
Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2). That was not done for any of those three years.
However, some situations occur which prevent a taxpayer from timely appealing to this court. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
Treece stated that she was unaware of the appeal process until December 2008 when she learned details from her accountant. That is not beyond her immediate control, and lack of *Page 3 
knowledge is expressly excluded from the list of "good and sufficient cause." As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for tax years 2006-07 and 2007-08 to BOPTA.
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under this approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
(Emphasis added.)
Here, the value range alleged by Plaintiff is less than 20 percent. On a review of the pleadings there is no showing of a gross error.
Finally, there remains the issue of the 2008-09 tax year. Plaintiff admits the key tax year of her concern is 2002-03; that's when all of the exception value was added to the account. From the pleadings and the conference, it is clear that any change in current tax liability would have to result from modifications for years outside the court's jurisdiction. So long as the property's current maximum assessed value is less than its real market value, the taxpayer is not *Page 4 
aggrieved within the meaning of ORS 305.275. ParksWestsac L.L.C. v. Dept. of Rev., 15 OTR 50 (1999). This is the situation for tax year 2008-09.
Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ____ day of October 2009.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon October 21, 2009. The Court filed and entered this documenton October 21, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.