DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, presented verbally at the case management conference held April 6, 2010, on the ground that Plaintiffs' Complaint must be dismissed as Plaintiffs are not aggrieved.
A taxpayer must have standing to bring a property tax appeal to the court. ORS 305.275.[1] To have standing, a taxpayer must be "aggrieved." ORS 305.275(1)(a). "In requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Kaady v. Dept. ofRev., 15 OTR 124, 125 (2000).
During the telephone case management conference, Plaintiff (Nicole Mitchell) stated that Plaintiffs are appealing the real market value of the subject property identified as Account R2072624. She stated Plaintiffs are relying on an appraisal report concluding an indicated real market value of $627,500 as of December 26, 2008. For a taxpayer to be aggrieved, the alleged real market value must be lower than the maximum assessed value.Parks Westsac L.L. C. v. *Page 2 Dept. of Rev., 15 OTR 50, 52 (1999). Plaintiffs have not alleged a real market value less than their maximum assessed value ($552,300). (Ptfs' Compl at 2.) Defendant concluded, in its letter dated April 6, 2010, that "[t]he calculations * * * demonstrate no `compression' on the account." Because Plaintiffs' requested real market value is not less than the subject property's maximum assessed value and because if the court were to agree with Plaintiffs that the subject property's real market value as of January 1, 2009, was $627,500, there would be no reduction in real property taxes, Plaintiffs have not met the statutory requirement that they be aggrieved. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of April 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Presiding Magistrate Jill A.Tanner on April 28, 2010. The court filed and entered this Decisionon April 28, 2010.
[1] References to Oregon Revised Statutes (ORS) are to the 2007 year.