DECISION
This appeal and resulting trial concerns the real market value (RMV) of certain residential property, identified as Account 1353074, for the 2007-08 and 2008-09 tax years. Plaintiff did not appeal those two tax years to the Clackamas County Board of Property Tax Appeals (BOPTA). The initial Complaint filed with this court also included tax years 2005-06, 2006-07, and 2009-10. Those years shall be dismissed for the reasons set forth in the court's Journal Entry filed November 6, 2009. The court's jurisdiction for tax years 2007-08 and 2008-09 is alleged by Plaintiff pursuant to ORS 305.288.
A trial was held April 8, 2010. Plaintiff testified on her own behalf; George B. Churilla (Churilla), independent appraiser, testified as Plaintiff's witness. Matt Healy (Healy), county appraiser, represented Defendant.
 I. STATEMENT OF FACTS
The subject property is a single family residence located at 6675 Failing Street in West Linn, Oregon. It was built in 2001 and has nearly 5,000 square feet of living area with a 814 square foot garage. The 1.29 acre lot is situated on the Willamette River. (Def's Ex A at 1, 7.) *Page 2 
Plaintiff purchased the property in December of 2003; she paid $1,225,000. (Id. at 1.) According to Defendant's ratio studies, the area market increased significantly since that time. (Id. at 9.)
For the two tax years at issue, the following RMV are advanced by the parties:
 Tax Year Party RMV
 2007-08 Tax Statement $1,781,912
 Plaintiff $1,200,000
 Defendant at trial $1,525,000
 2008-09 Tax Statement $1,701,007
 Plaintiff $1,000,000
 Defendant at trial $1,410,000

For tax year 2007-08, Plaintiff offered an appraisal report authored by Churilla. It concluded a value of $1.2 million. (Ptf's Ltr at 14, Mar 22, 2010.) The effective appraisal date listed was as of January 1, 2008. (Id.) That is twelve months beyond the focus assessment date of January 1, 2007. Churilla examined four sales of area properties. Certain minimal adjustments were made for site, condition, size, and other amenities. (Id. at 13, 17.)
For tax year 2008-09, Plaintiff offered another appraisal report and supporting testimony. That report also examined four sales with a stated valuation date of January 1, 2009. (Id. at 5, 6, 9.) It contained adjustments similar to the other report. No consideration was given to the date of the sales. One occurred as late as December 2008. (Id. at 5.) Churilla stated he believed no comparison factor was needed for time as he did not have sufficient information to measure any impact of a declining market. He did not inspect the interior of the subject property or any of the comparable sales. For each tax year, at least one of the comparable sales was located near an active railroad line. Another was removed from any river influence and sited in an area subdivision. *Page 3 
Defendant's expert appraiser, Healy, offered a comprehensive review of pertinent market transactions. He was available at trial to answer questions and explain his adjustments. He examined several sales of comparable properties for each tax year. For tax year 2007-08, the four sales prices ranged from $1,025,000 to $1,546,000. After necessary adjustments for differences, the final values indicated were from $1,258,696 to $1,666,770. (Def's Ex A at 10.) He concluded a value $1,525,000 as of January 1, 2007. (Id. at 30.) For tax year 2008-09, Defendant's four sales prices ranged from $1 million to $1,390,000. (Id. at 17.) After necessary adjustments for differences, the final values indicated were from $1,207,000 to $1,604,220. (Id.) Healy concluded a value of $1,410,000 as of January 1, 2008. (Id. at 30.)
Defendant's final values advanced at trial were slightly below the record value contained in the original tax statements for each year. However, the difference was less than 20 percent for each year. That is a critical measurement for purposes of ORS 305.288, as Plaintiff failed to appeal to BOPTA for both years.
 II. ANALYSIS
The court must determine the RMV of Plaintiff's property as of January 1, 2007, and January 1, 2008. ORS 308.205(1)[1] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
"The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas CountyAssessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003). *Page 4 
For tax year 2007-08, Plaintiff offered an appraisal report with a valuation date of January 1, 2008. That is twelve months past the critical date under appeal. It is not relevant when weighed against Defendant's comprehensive report.
For tax year 2008-09, Plaintiff offered a different report which presented a conclusion that was past the assessment date.[2] Even if both reports were viewed as a whole for January 1, 2008, there is still a major problem. None of the sales transactions were adjusted for the passage of time. They ranged in dates from January 2007 to December 2008. From Defendant's presentation, it is clear that the market was in an overall decline during that interim. Without a measured adjustment for the different dates, the final conclusion becomes less supportive of the relief requested.
Defendant's evidence, on the other hand, is of the quality necessary to support the conclusions the witness advanced. Those conclusions were based on relevant market activities, necessary adjustments, and professional expertise.
Plaintiff has the burden of proof and must establish her case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiff in this case has not met that statutory requirement. Accordingly, her appeal must be denied.
The court is unable to adopt Defendant's final concluded values. Although they are less that the earlier tax statement amounts, they are still within 20 percent of the higher values. ORS 305.288 requires at least a 20 percent change in order to be termed a "gross error." Furthermore, reductions to Defendant's values would not yield any tax savings or refunds. Even *Page 5 
if Plaintiff were to receive such relief, the revised total would remain above Defendant's record assessed values for each year. As such, no tax change would occur and there would be no refund. Therefore, the outcome of the dispute has no impact on Plaintiff's property taxes; Plaintiff is not aggrieved.
"So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved[]" within the meaning of ORS 305.275. Parks Westsac L.L.C. v. Dept. of Rev.,15 OTR 50, 52 (1999). Under the circumstances, the court is without the authority to order a change consistent with Defendant's trial presentation.
 III. CONCLUSION
The court concludes that Plaintiff has failed to establish by a preponderance of the evidence that a reduction in the RMV for the 2007-08 or 2008-09 tax year is warranted. Accordingly, the record RMV as stated in the annual tax statements, must be, and is hereby, sustained for each tax year. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied for tax years 2007-08 and 2008-09; and
IT IS FURTHER DECIDED that the appeal is dismissed as to tax years 2005-06, 2006-07, and 2009-10.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed. *Page 6 
 This Decision was signed by Magistrate Jeffrey S. Mattsonon May 13, 2010. The court filed and entered this Decisionon May 13, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] The valuation date was listed as January 1, 2009.