DECISION
This appeal concerns the real market value (RMV) of certain residential property for the 2009-10 tax year. The property is identified in the Deschutes County tax records as Account 251953.
A trial was held July 13, 2010. William E. Peressini testified for Plaintiffs; Todd Straughan, County Appraiser, represented Defendant.
 I. STATEMENT OF FACTS
The subject property is a single family residence located in the Pronghorn Resort outside of Bend, Oregon. The home was built in 2008 and has 2,820 square feet of living area with three bedrooms and three baths. There is an attached garage of 768 square feet.
The Deschutes County Board of Property Tax Appeals (BOPTA) reduced Defendant's original total RMV of $949,780 downwards to $889,000. Plaintiffs amended their request at trial to seek $726,000 RMV.
Plaintiffs' chief evidence consisted of information regarding their acquisition of the home. That occurred in July of 2009 for $825,000. That total price included certain other amenities such as a golf club membership and two years of fees. No time adjustment was suggested by Plaintiffs to account for the clearly declining real estate market. *Page 2 
Defendant studied the subject property sale. He stated there was a pending sale of the home prior to the assessment date for over $1 million. That sale failed due to the declining market. The appraiser concluded Plaintiffs' acquisition was at a level below the actual RMV because the developer wanted to generate some increased sales activity.
Defendant's expert appraiser offered a comprehensive review of pertinent market transactions. He was available at trial to answer questions and explain his adjustments. He examined three land sales of comparable properties. The sales all occurred within the same subdivision. The sales prices ranged from $235,000 to $295,000 after removing consideration for memberships. Other data was studied as to improved sales.
Defendant's evidence suggested a reduction in RMV to $807,500. The appraiser concluded that would not yield any tax savings as the maximum assessed value is already lower at $441,420.
 II. ANALYSIS
The court's assignment is to determine the RMV of Plaintiffs' property as of January 1, 2008. ORS 308.205(1)[1] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
"The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
Plaintiffs in this case have presented evidence about their acquisition of the property. However, they did not adequately quantify and document necessary adjustments for the club *Page 3 
membership, golf fee credits, and the passage of time from the assessment date. Any appropriate analysis of that information does not appear in this record.
Informed buyers consider a number of factors relevant in an arm's-length transaction, including size, location, year of construction, and condition of the premises. See ORS 308.205. Valuing a property based on sales of comparable properties is "well accepted." SeeWard v. Dept. of Revenue, 293 Or 506, 511, 650 P2d 923 (1982) (citations omitted).
Defendant's evidence is of the quality necessary to support the final conclusions. The collection was based on relevant market activities, necessary adjustments, and professional expertise.
The court is unable to order the $81,500 RMV reduction suggested by Defendant's presentation. At the recommended value, Plaintiffs are not aggrieved such that any tax savings is possible. So long as the property's maximum assessed value is less than its real market value, the taxpayer is not aggrieved within the meaning of ORS 305.275. ParksWestsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999).
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their appeal must be denied. *Page 4 
 III. CONCLUSION
The court concludes that Plaintiffs have failed to establish by a preponderance of the evidence that a reduction to $726,000 RMV is warranted. Accordingly, the record 2009-10 RMV as set by the board, must be, and is hereby, sustained. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of January 2011.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on January27, 2011. The Court filed and entered this document on January 27, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.