DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed with its Answer on April 4, 2011, requesting that this case be dismissed because Plaintiff's requested relief would not result in tax savings, therefore Plaintiff is not aggrieved. A case management conference was held on May 2, 2011, during which the parties discussed Defendant's motion to dismiss.
Plaintiff requested a reduction in the 2010-11 land real market value to $37,090; that reduction would result in a total real market value of $98,000 for Plaintiff's property, identified as Account 106989, for the 2010-11 tax year. (Ptf's Compl at 1; Def's Answer at 1.) Both the maximum assessed value and assessed value of Plaintiff's property were $75,039 for the 2010-11 tax year. (Ptf's Compl at 2.) Shirley Winburn, Assessment Manager of Umatilla County Assessment Taxation, stated that Defendant's compression analysis confirmed that Plaintiff's requested reduction in land real market value would not result in tax savings.
During the case management conference on May 2, 2011, Plaintiff confirmed that only the land real market value is at issue and that his requested land real market value is $37,090. Plaintiff declined to conduct his own research and submit written arguments in response to Defendant's motion to dismiss, opting instead to provide oral argument and sworn testimony during the May 2, 2011, case management conference. *Page 2 
Plaintiff stated that he takes issue with Defendant's valuation of his land because Defendant will not consider other "floodway property" comparable sales. Plaintiff also testified concerning an earlier farm use disqualification by Defendant, stating that, on August 4, 2009, he received a letter from Defendant disqualifying certain property from farm use special assessment. He stated that he "appealed" that letter and heard nothing in response.
Jon Salter (Salter), Farm Appraiser of Umatilla County, testified concerning the farm use disqualification discussed by Plaintiff. He stated that Defendant received a letter from Plaintiff on August 7, 2009, regarding the farm use disqualification. Salter testified that the property discussed by Plaintiff is currently under farm use special assessment.
ORS 305.275(1)(a) requires that a taxpayer be "aggrieved" in order to appeal to this court; if a taxpayer is not "aggrieved" within the meaning of ORS 305.275, then that taxpayer does not have standing to appeal.[1] "So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved."Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999). Plaintiff in this case has not alleged a real market value that is less than the maximum assessed value. Defendant confirmed that its compression analysis using Plaintiff's requested land real market value indicates that the requested value would not result in tax savings to Plaintiff. Therefore, Plaintiff is not aggrieved within the meaning of ORS 305.275.
Plaintiff testified concerning a farm use disqualification letter than he received from Defendant on August 4, 2009. Plaintiff did not appeal Defendant's 2009 farm use disqualification to this court, so the court cannot reach that issue in this Decision. Based on the foregoing, Defendant's motion to dismiss must be granted. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of May 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on May 5, 2011. The Court filed and entered this documenton May 5, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.