DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed April 20, 2011, requesting that the Complaint be dismissed. This matter is before the court on Defendant's Motion to Dismiss, filed April 20, 2011, requesting that the Complaint be dismissed.
A case management conference was held on May 16, 2011, to discuss Defendant's motion to dismiss. Plaintiffs appeared on their own behalf. Robb Witters (Witters) appeared on behalf of Defendant.
Plaintiffs' Complaint requested that the court reduce the 2010-11 real market value of property identified as Account R325005 (subject property) to $305,000. Plaintiffs stated that they provided a copy of an appraisal report dated October 13, 2009, to Defendant stating a real market value of $305,000 as of that date. Plaintiffs are appealing the Marion County Board of Property Tax Appeals' Order (BOPTA's Order), dated March 9, 2011, reducing the subject property's real market value to $355,000. The BOPTA's Order stated that the subject property's maximum assessed value and assessed value are the same, $297,390.
On April 22, 2011, Defendant wrote to Plaintiffs and the court providing "a corrected copy of the compression calculation worksheet." That worksheet showed that Plaintiffs' requested real market value ($305,000) would not change the amount of 2010-11 property taxes assessed to the subject property. *Page 2 
A taxpayer must have standing to bring a property tax appeal to the court. ORS 305.275.[1] To have standing, a taxpayer must be "aggrieved." ORS 305.275(1)(a). "In requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Kaady v. Dept. ofRev., 15 OTR 124, 125 (2000).
For a taxpayer to be aggrieved, the alleged real market value must be lower than the maximum assessed value. ParksWestsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999). For the 2010-11 tax year, Plaintiffs filed a timely appeal from the BOPTA's Order. Plaintiff alleges a real market value of $305,000. Plaintiffs have not alleged a real market value less than their maximum assessed value. Defendant stated that, if the court ordered that the tax roll be changed to Plaintiffs' requested real market value, there would be no change in the amount of property taxes Plaintiffs paid for the 2010-11 tax year. (Def s Ltr at 2, Apr 22, 2011.) Plaintiffs are not aggrieved. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ____ day of May 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on May 18, 2011. The Court filed and entered this documenton May 18, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1