DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on April 29, 2011. Defendant requests that the court dismiss Plaintiff's appeal of the 2009-10 tax year because "the complaint was not filed within 30 days from the date of mailing of the order of the Board of Property Tax Appeals. ORS 305.280(4)." (Def's Answer.) Defendant requests that this court dismiss Plaintiff's appeal of the 2010-11 tax year because Plaintiff is not "`aggrieved' within the meaning of ORS 305.275[.]" (Id.)
The parties discussed Defendant's motion to dismiss during the case management conference on May 25, 2011. Defendant's authorized representative, Scarlet Weigel (Weigel), confirmed that Plaintiff appealed the 2009-10 real market value of property, identified as Account R101512 (subject property), to the Board of Property Tax Appeals (Board) in 2010 and the Board mailed its Order on March 3, 2010. Plaintiff again appealed the value of the subject property to the Board for the 2010-11 tax year. The Board lowered the real market value of the subject property from $335,790 to $327,790. (Ptf's Compl at 3.) In his Complaint, Plaintiff stated that his requested relief was "to lower property taxes." (Id. at 1.) During the May 25, 2011, case management conference, Plaintiff stated that his requested real market value is *Page 2 
approximately $235,000. Weigel stated that a reduction in value to $235,000 would not result in tax savings to Plaintiff.
A. 2009-10 tax year
ORS 305.280(4) (2007) states, in pertinent part, that:
 "[A]n appeal to the tax court * * * from an order of a county board of property tax appeals shall be filed within 30 days after the * * * date of mailing of the order, date of publication of notice of the order or date of mailing of the notice of the order to the taxpayer, whichever is applicable."
The 2009-10 Board order was mailed to Plaintiff on March 3, 2010. This appeal was filed on April 11, 2011, well beyond the 30 days allowed by ORS 305.280(4) (2007). The court is not aware of any facts or circumstances which prevent the application of ORS 305.280(4) in this case. Thus, Plaintiff's 2009-10 tax year appeal must be dismissed.
B. 2010-11 tax year
ORS 305.275(1)(a) (2009) requires that a taxpayer be "aggrieved" in order to appeal to this court; if a taxpayer is not "aggrieved," that taxpayer does not have standing to appeal. "So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved." Parks Westsac L.L.C. v. Dept.of Rev., 15 OTR 50, 52 (1999). Both the maximum assessed value and assessed value of the subject property are $125,490 for the 2010-11 tax year. (Ptf's Compl at 3.) Plaintiff has not alleged a real market value that is less than the maximum assessed value and Plaintiff's requested real market value would not result in tax savings to Plaintiff. Therefore, Plaintiff is not aggrieved within the meaning of ORS 305.275 (2009) and Plaintiff's 2010-11 tax year appeal must be dismissed. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of May 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on May 31, 2011. The Court filed and entered this documenton May 31, 2011. *Page 1