DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion), filed with its Answer on April 6, 2011, requesting that this case be dismissed because Plaintiff's requested relief would not result in tax savings and Plaintiff is not, therefore, aggrieved. The parties discussed Defendant's motion to dismiss during the case management conference on May 4, 2011, and submitted additional written arguments on Defendant's motion.
Plaintiff requested a reduction in the 2010-11 improvement real market value of property identified as Account R96859 (subject property) from $210,000 to $90,850, which would reduce the 2010-11 real market value to $238,250. (Ptf's Compl at 1.) Both the maximum assessed value and assessed value of the subject property are $208,780 for the 2010-11 tax year. (Id. at 2.) Defendant confirmed that its compression analysis indicates that Plaintiff's requested reduction in improvement real market value would not result in tax savings.
Defendant filed a Memorandum in Support of Defendant's Motion to Dismiss (Def's Mem) on May 6, 2011, stating that "[a]ggrievement is a jurisdictional requirement for the Magistrate Division to be able to hear a case." (Def's Mem at 1 (citing ORS 305.275; Bageac v.Multnomah County Assessor, TC-MD No 100242C,2010 Ore Tax LEXIS 284 (Oct 12, 2010).) Defendant further states that "`a taxpayer is not aggrieved where a reduction in the RMV will *Page 2 
not affect the MAV or AV, or property taxes.'" (Id.) (Citations omitted.) Citing Ron La Franchi v. Lincoln County Assessor, TC-MD No 100271C, 2010 Ore Tax LEXIS 261 (Sept 16, 2010), Defendant argues that, even where taxpayer appeals only one component of value, "the total RMV requested" must "affect the taxpayer's tax bill in the tax year at issue[.]" (Id. at 2.)
Plaintiff filed its Memorandum Opposing Defendant's Motion to Dismiss (Memorandum) on May 26, 2011, requesting denial of Defendant's motion. (Ptf's Mem Opp Def's Mot to Dismiss at 1.) Plaintiff concedes that it "has now reviewed the cases cited by Defendant and finds no contradictory case law." (Id.) In support of its position, Plaintiff states "it would seem that justice and fairness would not support a 242% increase in one year of a `depreciating' asset (the building and improvements)." (Id.) Plaintiff further states: "While the Defendant can argue that Plaintiff is not currently aggrieved, none of us are so naïve as to not understand that this increase will come back to bite the taxpayer." (Id.)
ORS 305.275(1)(a) requires that a taxpayer be "aggrieved" in order to appeal to this court; if a taxpayer is not "aggrieved" within the meaning of ORS 305.275, then that taxpayer does not have standing to appeal.[1] "So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved."Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999). Plaintiff's requested improvement real market value would not result in a real market value that is less than the maximum assessed value. Defendant confirmed that, based on its compression analysis, Plaintiff's requested real market value would not result in tax savings to Plaintiff. Therefore, Plaintiff is not aggrieved within the meaning of ORS 305.275.
During the case management conference and in its Memorandum, Plaintiff referred to the effect that the 2010-11 improvement real market value established by Defendant may have on *Page 3 
future tax years. Plaintiff is correct that, in a future tax year, a reduction in the 2010-11 improvement real market value may
result in tax savings. However, "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Kaady v. Dept. ofRev., 15 OTR 124, 125 (2000) (emphasis added). Thus, the court must base its decision in this case on the effect of a reduction in real market value during the 2010-11 tax year. Based on the foregoing, Defendant's motion to dismiss must be granted.
In its Answer, Defendant requested "costs and disbursements." (Def's Answer at 2.) Defendant's request for costs and disbursement is denied. Now, therefore,
IT IS DECIDED that this matter be dismissed; and
IT IS FURTHER DECIDED that Defendant's request for costs and disbursements is denied.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on June 13, 2011. The Court filed and entered this documenton June 13, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1