IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MABEL OCHIA,                                    )
                                               )
                    Plaintiff,                 )    TC-MD 140057N
                                               )
        v.                                     )
                                               )
MULTNOMAH COUNTY ASSESSOR,                     )
                                               )
                    Defendant.                 )    **FINAL DECISION OF DISMISSAL**

The court entered its Decision of Dismissal in the above-entitled matter on May 16, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision of Dismissal was entered. The court's Final Decision of Dismissal incorporates its Decision without change.

This matter is before the court on Defendant's motion to dismiss, made verbally by Defendant's authorized representative at the case management conference held in this matter on May 15, 2014. Defendant requests that Plaintiff's appeal be dismissed because she is not aggrieved under ORS 305.275. The parties discussed Defendant's motion to dismiss during the case management conference and Plaintiff declined to file a written response.

Plaintiff appeals the real market value of property identified as Account R148380 (subject property) for the 2013-14 tax year. Plaintiff's Complaint did not identify her requested real market value. Rather, she stated that her 2013-14 property taxes increased by $450 and, as a result, her mortgage payment increased from $1,719.10 to $1,805. (Ptf's Compl at 1.) During the case management conference, Plaintiff clarified that her requested 2013-14 real market value was $333,000. The subject property's 2013-14 assessed value was $201,670. (*Id.* at 2.) Defendant's authorized representative stated during the case management conference that a

reduction in the 2013-14 real market value of the subject property to Plaintiff's requested real market value would not result in any tax savings to Plaintiff for the 2013-14 tax year.

Defendant requests that Plaintiff's Complaint be dismissed because Plaintiff is not aggrieved for the 2013-14 tax year. ORS 305.275(1)(a) requires that a taxpayer be "aggrieved" in order to appeal to this court.[1] "In requiring that taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." *Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000). In most cases, "[s]o long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved." *Parks Westsac L.L.C. v. Dept. of Rev.,* 15 OTR 50, 52 (1999). Plaintiff's requested 2013-14 real market value exceeds the subject property's maximum assessed value and would not result in a property tax reduction through compression. Plaintiff is not aggrieved under ORS 305.275(1)(a) and Defendant's motion to dismiss must be granted.

At the case management conference held in this matter, the court asked Plaintiff if she wished to file written arguments in response to Defendant's motion to dismiss. Plaintiff declined and, in response, the court stated that a written decision would be issued in this matter ruling on Defendant's motion to dismiss. The court reminded the parties' of their right to appeal within 60 days from the final decision of the Magistrate Division. Now, therefore,

/ / /

/ / /

/ / /

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.

Dated this ⎯⎯ day of June 2014.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by* mailing *to: 1163 State Street, Salem, OR 97301-2563; or by* hand delivery *to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within* 60 *days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on June 2, 2014. The court filed and entered this document on June 2, 2014.*