IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CHRISTOPHER SERAFIN, )
)
Plaintiff, ) TC-MD 140141D
)
v. )
)
MULTNOMAH COUNTY ASSESSOR )
and DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendants. ) **FINAL DECISION OF DISMISSAL**

The court entered its Decision in the above-entitled matter on May 21, 2014. The court

did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days

after its Decision was entered. On May 30, 2014, Plaintiff filed a request for a refund of the

court's filing fee (request). The court's Final Decision incorporates its Decision without change

and includes the court's determination of Plaintiff's request for a refund of the filing fee.

This matter is before the court on Multnomah County Assessor's Motion to Dismiss, filed

May 2, 2014. Department of Revenue filed a Motion to Dismiss Department of Revenue on

April 16, 2014.

A telephone case management conference was held on Tuesday, May 20, 2014. Plaintiff

appeared on his own behalf and was assisted by a court provided interpreter. Gregg Thummel,

Principal Appraiser Analyst, Property Tax Division, appeared on behalf of Department of

Revenue. Barry Dayton (Dayton) appeared on behalf of Multnomah County Assessor

(Defendant).

Plaintiff's Complaint requested that the 2013-14 real market value of the subject property

identified as Account R177725 be reduced to $245,000. Plaintiff appealed the subject property's

real market value to the Multnomah County Board of Property Tax Appeals (BOPTA). BOPTA reduced the real market tax roll value from $256,490 to $252,510. The subject property's maximum assessed value and assessed value for the 2013-14 tax year is $160,640.

During the conference, Plaintiff explained that the subject property's foundation "sits on the ground" that is eroded by the neighbor's removal of downspouts, permitting water to drain to Plaintiff's property. Plaintiff stated that he "invested $5,000[] to repair and improv[e] the condition of the foundation as needed[] [and] [m]ore repair is still required." (Ptf's Comp at 1, sec 3.) Plaintiff stated that he contacted the "county, requesting someone come to his property" but no one responded to his request for a site inspection. Dayton stated that on January 13, 2014, in preparation for the BOPTA hearing, Defendant visited the property and a "full interior inspection" occurred. Dayton stated that the county's recommendation to BOPTA was to reduce the real market value to $252,510 and BOPTA accepted the Defendant's recommendation. Plaintiff questioned Dayton, asking why the land real market value increased from $158,000 to $159,500 even though the total real market value decreased. Dayton was unable to answer Plaintiff's question.

In response to Plaintiff's requested real market value of $245,000, Defendant prepared a Tax and Compression Worksheet (Worksheet). In its Worksheet, Defendant concluded that if the court were to grant Plaintiff's requested real market value there would be no change in Plaintiff's property taxes for tax year 2013-14.

ORS 305.275(1)(a) requires that a taxpayer be "aggrieved" in order to appeal to this court; if a taxpayer is not "aggrieved" within the meaning of ORS 305.275, then that taxpayer does not have standing to appeal.[1] "In requiring that taxpayers be 'aggrieved' under

---

[1] All of the court's references to the Oregon Revised Statutes (ORS) are to 2013.

ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong."

*Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000). This court has consistently interpreted ORS 305.275(1) to require that a taxpayer's requested relief result in tax savings to the taxpayer. *See Parks Westsac L.L.C. v. Dept. of Rev.*, 15 OTR 50, 52 (1999).

In the case before the court, Plaintiff's requested real market value of $245,000 is substantially more than the subject property's maximum assessed value and assessed value of $160,640. There would be no reduction in Plaintiff's 2013-14 property taxes if the court granted Plaintiff's requested relief. Plaintiff is not aggrieved and does not meet the statutory requirements of ORS 305.275. The Department of Revenue's Motion to Dismiss Department of Revenue is moot because Plaintiff's appeal is dismissed.

In his May 30, 2014, request, Plaintiff stated, "I paid an advance of $252[] which was * * * the filing fee[;] * * * I would like to request a refund for my payment." (Ptf's request at 1.) Plaintiff did not cite any authority in support of his request for a refund of the filing fee. Under ORS 305.490(1)(a), "[P]laintiffs or petitioners filing a complaint or petition in the tax court shall pay the filing fee established under ORS 21.135 at the time of filing for each complaint or petition." Taxpayers may file a Declaration and Application for Waiver or Deferral of Fee at the time of filing a complaint. There is no provision in the statutes or court rules for a refund of that filing fee. Plaintiff's request for a refund of the filing fee is denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

IT IS FURTHER DECIDED that the Department of Revenue's Motion to Dismiss Department of Revenue is moot because Plaintiff's appeal is dismissed.

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff's request for a refund of the filing fee is denied.

Dated this ____ day of June 2014.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This Final Decision was signed by Presiding Magistrate Jill A. Tanner on June 9, 2014. The Court filed and entered this Final Decision on June 9, 2014.*