DECISION
Plaintiffs appeal the real market value of the subject property identified as Account R578039 for tax year 2009-10. A telephone trial was held on November 19, 2010. Plaintiff (Raymond Goody) appeared on behalf of Plaintiffs. Tina Burell (Burell), Oregon Registered Appraiser, appeared on behalf of Defendant.
Plaintiffs' Exhibit 1, entitled Appraisal of Real Property, and Defendant's Exhibit A were received without objection.
 I. STATEMENT OF FACTS
The subject property is a single family "two story home with full basement built in 2007." (Def's Ex A at 3.) Plaintiff testified that the subject property was purchased by Plaintiffs on October 1, 2009, for $422,500. An appraisal of the subject property was prepared by Karl Westerlund (Westerlund), an appraiser employed by Sunrise Appraisal Services. (Ptf's Ex 1.) Westerlund, who did not testify, concluded in his appraisal report that the appraised value of the subject property as of September 15, 2009, was $424,000. Westerlund's three properties he identified as comparable were sold between June 2009 and August 2009; he made no time adjustment, concluding that "the overall data reflects a still declining housing market" and "the neighborhood values are still declining with realtors realigning/adjusting listing prices." (Ptf's *Page 2 
Ex 1; Market Conditions Addendum to the Appraisal Report at 1.) Burell testified that the subject property was "originally listed on December 13, 2008 for $584,900." The listing price was subsequently reduced accordingly as "March 12th for $529,000, May 11th for $497,000, July 21st for $449,000, and August 19th for $429,900." (Def's Ex A at 3.)
Plaintiff testified that three properties located on his same street sold in December 2009 to February 2010, for sale prices ranging from $375,000 to $399,000. When asked if he adjusted the sale prices to the assessment date, Plaintiff responded that there was "no declining market" between the assessment date and the sale dates for the three properties he identified as comparable to the subject property. Plaintiff confirmed that each of the three properties were "bank sales." Burell characterized the "bank sales" as "distress sales." Plaintiff wrote to the court stating that "market conditions" in his neighborhood resulted in a 31.24 percent "market drop per Multnomah County's records" from December 2008 to September 2009. (Ptfs' Ltr, Nov 27, 2010.)
Burell testified that as of the assessment date she concluded that the subject property's real market value was $530,000. (Def's Ex A at 3.) In reaching her value determination, Burell selected three properties located less than one mile from the subject property. (Id.) She adjusted each of the properties she identified as comparable for date of sale, site, gross living area, garages, and other identified differences. Plaintiff challenged Burell's conclusion that the subject property has two fireplaces. Burell testified that she gave the most weight to comparable sales 2 and 3 (adjusted real market values of $508,635 and $585,935, respectively). *Page 3 
In a letter to the court and Plaintiffs dated June 21, 2010, Burell wrote that "the county has determined that a reduction in value is warranted from $653,750 to $537,220.[1] This proposed value change will not result in a value that creates a reduction of taxes for 2009/10." There is no statement in Burell's appraisal report stating whether her concluded value ($530,000) would result in a property tax reduction for Plaintiffs.
 II. ANALYSIS
The issue before the court is the 2009-10 real market value of Plaintiffs' property. Real market value is the standard used throughout the ad valorem statutes except for special assessments.See Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 at *2 (Mar 26, 2003) (citing Gangle v. Dept. ofRev., 13 OTR 343, 345 (1995)). Real market value is defined in ORS 308.205(1), [2] which reads:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
There are three approaches of valuation (cost, income, and comparable sales) that must be considered in determining the real market value of a property even if one of the approaches is found to not be applicable. See ORS 308.205(2) and OAR 150-308.205-(A)(2). The subject property is primarily a residential structure. Defendant's appraisal report relied on the comparable sales approach. Neither party considered the cost approach or the income approach.
In a case such as the one before the court, the comparable sales approach "may be used to value improved properties, vacant land, or land being considered as though vacant." *Page 4 Chambers Management Corp and McKenzie River Motors v. Lane CountyAssessor, TC-MD No 060354D at 6 (Apr 3, 2007), citing Appraisal Institute, The Appraisal of Real Estate 335 (12th ed 2001).
Plaintiffs did not determine real market value using any of the three approaches of valuation. Plaintiffs relied on the purchase price paid for the subject property and did not adjust the purchase price to the date of assessment. Plaintiffs' purchase occurred nine months after the assessment date. Plaintiffs submitted an appraisal report dated eight and one-half months after the appraisal date. The individual who prepared the report did not testify and the appraised value was not adjusted to the assessment date.
A review of the parties' evidence is governed by statute. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fallupon the party seeking affirmative relief." ORS 305.427 (2009) (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRevenue, 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position."Poddar v. Dept. of Rev., 18 OTR 324, 332 (2005) (quotingWoods v. Dept. of Rev., 16 OTR 56, 59 (2002) (citation omitted.) Plaintiffs have not established "by a preponderance of the evidence" their requested real market value as of the date of assessment. The law requires that the real market value be determined as of a fixed date, which in this case is January 1, 2009. There is ample evidence submitted by both parties that the subject property's real market value declined during 2009. Plaintiff presented no evidence of real market value as of the assessment date. *Page 5 
A taxpayer must have standing to bring a property tax appeal to the court. ORS 305.275. To have standing, a taxpayer must be "aggrieved." ORS 305.275(1)(a). "In requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Kaady v. Dept. ofRev., 15 OTR 124, 125 (2000).
For a taxpayer to be aggrieved, real market value must be lower than the maximum assessed value. Parks Westsac L.L.C. v. Dept. ofRev., 15 OTR 50, 52 (1999). In her appraisal report, Burell concluded the subject property's real market value was $530,000. According to the Multnomah County Board of Property Tax Appeals Order, the subject property's maximum assessed value was $405,080. There is no evidence stating that if the court were to accept Burell's value determination and order a reduction in the real market value Plaintiffs' 2009-10 property taxes would be reduced even though the real market value is more than the maximum assessed value. The court cannot order that the tax roll be changed unless Plaintiffs are aggrieved.
 III. CONCLUSION
After careful consideration of Plaintiff's testimony and evidence, the court concludes that Plaintiffs failed to carry their burden of proof. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed; and *Page 6 
IT IS FURTHER DECIDED that if Defendant's concluded 2009-10 real market value of $530,000 for the subject property would result in a property tax reduction for Plaintiffs the court accepts Defendant's determination of real market value for the subject property identified as Account R578039.
Dated this ____ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR. Your Complaint must besubmitted within 60 days after the date of the Decision or thisDecision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A.Tanner on April 6, 2011. The Court filed and entered this documenton April 6, 2011.
[1] The subject property's real market value determined by the Multnomah County Board of Property Tax Appeals Order, dated February 26, 2010, was $665,000. The court has no record in evidence of a real market value of $653,750.
[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to year 2007. *Page 1