IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BRADFORD J. ASPELL )
and SUSAN E. ASPELL, )
 )
    Plaintiffs, ) TC-MD 130257N
 )
  v. )
 )
KLAMATH COUNTY ASSESSOR, )
 )
    Defendant. ) **FINAL DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed August 12, 2013, requesting dismissal of Plaintiffs' Complaint because Plaintiffs "[are] not aggrieved as required under ORS 305.275." (Def's Mot at 1.) On August 23, 2013, the court issued an Order requesting Plaintiffs to file a written response to Defendant's Motion within 14 days of the date of the Order. The Order stated that the court would rule on Defendant's Motion after Plaintiffs' response time passed. Plaintiffs' response time has passed and the court has received no further communication from Plaintiffs. This matter is now ready for the court's determination.

Plaintiffs appeal the real market value of property identified as Account R68866 (subject property) for the 2012-13 tax year. (Ptfs' Compl at 1.) Plaintiffs state that the subject property is "Recreation Residential Real Property exempted under ORS 307.183." (*Id.*) Plaintiffs assert that the board of property tax appeals (board) order is in error because "the real market value for the improvements includes the value of the use of the real property which is owned by the federal government and expressly excluded from ad valorem taxation under ORS 307.183."[1]

---

[1] ORS 307.183 (2011) states: "Notwithstanding ORS 307.060, there shall be exempt from property taxation real property of the United States used and occupied for summer homes under a permit issued pursuant to the Act of March 4, 1915, ch. 144 (16 U.S.C 497), as amended, but improvements thereon are subject to taxation."

(*Id.*)  Plaintiffs request a 2012-13 real market value of $378,110 for the subject property.  (*Id.*)

The board order attached to Plaintiffs' Complaint states that the real market value of the subject

property's improvements and the subject property's total real market value were both $608,760

for the 2012-13 tax year.  (*Id.* at 2.)  The board order includes no land real market value for the

2012-13 tax year.[2]  (*Id.*)  The 2012-13 maximum assessed value of the subject property was

$177,410 and the 2012-13 assessed value was $172,250.  (*Id.*)

Defendant argues that, even if the "court were to grant [Plaintiffs'] requested relief, there

would be no tax savings to [Plaintiffs], because *ad valorem* taxes are imposed on the [maximum

assessed value], which is considerably less than [Plaintiffs'] requested [real market value]."

(Def's Mot at 1.)  ORS 305.275(1)(a) requires "any person" who appeals to this court be

"aggrieved by and affected by an act, omission, order or determination of" the Department of

Revenue, the board, a county assessor or other official, or a tax collector.[3]  "In requiring that

taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an

immediate claim of wrong.  It did not intend that taxpayers could require the expenditure of

public resources to litigate issues that might never arise."  *Kaady v. Dept. of Rev.*, 15 OTR 124,

125 (2000).  "So long as the property's maximum assessed value is less than its real market

value, taxpayer is not aggrieved."  *Parks Westsac L.L.C. v. Dept. of Rev.*, 15 OTR 50, 52 (1999).

Plaintiffs' requested real market value would not result in a value that is less than the

maximum assessed value for the 2012-13 tax year.  Defendant stated that Plaintiffs' requested

reduction in the 2012-13 real market value of the subject property would not result in any tax

savings to Plaintiffs.  Plaintiffs are not aggrieved under ORS 305.275(1)(a).  Now, therefore,

---

[2] OAR 150-307.183(1) states:  "Real property belonging to the United States leased for summer homes is

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Plaintiffs' Complaint is dismissed.

Dated this ____ day of September 2013.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on September 20, 2013. The court filed and entered this document on September 20, 2013.*