IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

STUART H. LINDQUIST,               )
                                        )
         Plaintiff,              )   TC-MD 150238D
                                          )
     v.                         )
                                          )
YAMHILL COUNTY ASSESSOR,     )
                                        )
         Defendant.      )   **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered August 17, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* TCR-MD 16 C(1).

This matter is before the court on Defendant's Amended Motion to Dismiss and Answer (Defendant's Amended Motion), filed July 13, 2015, requesting that Plaintiff's Complaint be dismissed. A case management conference was held on July 6, 2015. At the conference, the parties' agreed that Defendant would submit a tax compression analysis worksheet no later than July 10, 2015; Plaintiff would submit a written response to Defendant's Motion to Dismiss on or before August 6, 2015. Defendant filed its compression analysis worksheet on July 13, 2015. As of the date of this Decision of Dismissal, the court has received no further communication from Plaintiff.

I. STATEMENT OF FACTS

Plaintiff filed his Complaint on April 15, 2015, appealing a Yamhill County Board of Property Tax Appeals (BOPTA) Order for the 2014-15 tax year for property identified as Account 145337 (subject property). The BOPTA Order stated that BOPTA sustained the

property values found by Defendant: a real market value of $327,757 and a maximum assessed value and assessed value of $167,994. (Ptf's Compl at 2.) In his Complaint, Plaintiff asserted that "[t]he purchase price of the property is the true and actual [real market value]." (*Id.* at 1.) Plaintiff requested a real market value of $200,000 "as reflected by the deed on file at the Yamhill County Official Records * * *." (*Id.*)

In its Motion to Dismiss and Answer (Defendant's Motion), Defendant requested that the court dismiss Plaintiff's Complaint for lack of jurisdiction because "Plaintiff is not aggrieved as required under ORS 305.275(1)(a)". (Def's Mot at 2.) Defendant specified that "Plaintiff's requested total real market value of $200,000 is substantially more than the [maximum assessed value] of $167,994. There would be no reduction in Plaintiff's 2014-15 taxes if the court granted the Plaintiff's relief, * * * Plaintiff is not aggrieved * * *." (Def's Mot at 2.) On July 13, 2015, Defendant renewed its Motion to Dismiss and provided a compression analysis worksheet verifying that no tax savings would result if Plaintiff's requested relief were granted. (Def's Am Mot at 1, 2, 3.)

## II. ANALYSIS

Defendant argues that the court should dismiss Plaintiff's appeal because Plaintiff is not aggrieved as required by ORS 305.275. (Def's Am Mot at 1.) ORS 305.275 provides in relevant part that: "[a]ny person may appeal under this subsection to the magistrate division of the Oregon Tax Court * * * if all of the following criteria are met: [t]he person must be aggrieved by and affected by an act, omission, order or determination of * * * A county board of property tax appeals * * *." In *Kaady v. Dept. of Rev.,* taxpayer challenged the real market value of his property where the assessed value was less than the real market value. The court held that taxpayer was not aggrieved as required by ORS 305.275 stating "the legislature intended that the

taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." 15 OTR 124, 125 (2000). "So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved." *Parks Westsac L.L.C. v. Dept. of Rev.,* 15 OTR 50, 52 (1999).

This court has consistently held that ORS 305.275 requires that a taxpayer's requested relief "result in a tax savings." *DN Properties LLC v. Benton County Assessor,* TC-MD 050485C at 2 (2004) *see also*, *Jain v. Washington County Assessor,* TC-MD 110174N (2011) (holding that taxpayer not aggrieved where the assessed value was lower than the real market value and the compression worksheet showed no tax savings); *Carrell v. Yamhill County Assessor,* TC-MD 110179D (2011) (holding that taxpayer was not aggrieved because the "requested reduction in value must produce a corresponding reduction in property taxes.").

Plaintiff's Complaint shows a requested real market value of $200,000. (Ptf's Compl at 1.) The BOPTA Order shows that the assessed value is lower than the real market value. (Ptf's Compl at 2.) Defendant submitted a compression analysis worksheet showing that there would be no tax savings as a result of compression if the Plaintiff obtained the requested relief. (Def's Am Mot at 3.) The court finds that Plaintiff is not aggrieved.

### III. CONCLUSION

The court concludes that Plaintiff is not aggrieved as required by ORS 305.275 because Plaintiff's requested real market value will not reduce Plaintiff's property taxes. There is no justiciable issue before the court. Defendant's Motion to Dismiss must be granted. Now, therefore,

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of September 2015.


                                                    _____

                                                    JILL A. TANNER
                                                    PRESIDING MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on September 3, 2015.*